Buss, Respondent, vs. Buss, Appellant.

*April 13—May 11, 1948.*

*Alvin Juedes* of Milwaukee, for the appellant.
*Clyde M. Paust* of Milwaukee, for the respondent.

HUGHES, J. We are of the opinion that the contention of the appellant is untenable. As pointed out by the trial court, the only reason that Judge SHAUGHNESSY refused to grant respondent an order for the payment of alimony at the time that he denied her application upon the grounds of cruel and inhuman treatment was that, in his opinion, the law did not permit such an order to be imposed when the divorce was being denied and the action ordered dismissed. Judge SHAUGHNESSY went further and indicated that he would have

entered such an order if the legislature had granted such authority to trial courts. As pointed out by the trial court, the obligation to support a wife arises from duties imposed by law and continues unless there is a specific finding that the wife, because of misconduct, has forfeited her right to support. There was no determination at any time, either upon the hearings of the orders to show cause or in the trial of the first action, that the wife had forfeited such right, and the husband cannot escape his obligation simply because the court had not specifically ordered him to perform his legal duty.

Appellant contends that after the dismissal of the first case it became the duty of the wife to invite the appellant home to live with her because he had previously been ordered to remove from the home. The trial court, who saw the parties and heard the testimony, concluded that the breach between them was complete from the time of the separation and that there was an attitude of hostility between them from that time down to the entry of the final judgment. Reconciliation in most instances must be mutually desired, and under the circumstances we believe that there was no obligation resting upon the respondent to solicit the husband, and apparently no genuine desire on the part of either of them for reconciliation at any time, as is evidenced by the fact that there is both a complaint and a counterclaim for divorce in the instant case.

This appeal also challenges the entire judgment. We have examined the record and are of the opinion that all of the provisions of the judgment are entirely reasonable and proper.

*By the Court.*—Judgment affirmed.

FRITZ, J., dissents.