Zachman, Respondent, v. Zachman, Appellant.

*January 6—February 2, 1960.*

For the appellant there was a brief by *Sigman, Sigman & Shiff* of Appleton, and oral argument by *Samuel Sigman*.

For the respondent there was a brief by *Kaftan, Kaftan & Kaftan* of Green Bay, and oral argument by *J. Robert Kaftan*.

BROADFOOT, J.   The parties were married at Owatonna, Minnesota, on January 11, 1944. At the time of the marriage the defendant was twenty-seven years of age and the plaintiff was twenty-three years of age. The defendant was then in the United States army. The issue of said marriage were four boys, ranging in age from seven to fourteen years. The defendant was discharged from the army in 1945 and went to work as a salesman for the plaintiff's father who operated a business known as the Gallaher Company. Shortly thereafter he was transferred to Wisconsin with exclusive sales

territory in the eastern part of the state. They resided in Oshkosh until 1956, when they moved to Green Bay.

During the first three years of his employment the defendant earned from $6,000 to $10,000 a year and supported his family. He did not like sales work and wished to find employment in an office. He attended Oshkosh Business College for two years, receiving the sum of $120 per month from the government under the G. I. Bill of Rights. Thereafter he worked for several different concerns doing office work, his longest period of employment being with the Wisconsin Axle Company for a period of two to two and one-half years. During all of this period he retained his connection with the Gallaher Company and made a few sales on Saturdays and at such other times as he could get away. His salary for office work was much less than his commissions on sales when he devoted his time thereto. In July, 1958, he severed his connection with the Gallaher Company and worked for a concern in Green Bay with a view to purchasing an interest in a business. He was employed there for three months at a salary of $100 per week. At the end of that period he and his employer could not agree upon terms and he was released. He was then unemployed for approximately three months. In 1957 his earnings had dwindled to $1,900.

In 1948 the plaintiff's father died and she inherited a one-third interest in the Gallaher Company. The business was continued under a manager until 1957 when it was sold. Plaintiff's interest in the business yielded her from $5,000 to $7,000 per year during that period. Plaintiff's mother died in 1950 and plaintiff inherited $4,700 from her mother's estate. Plaintiff sold her share in the Gallaher Company for the sum of $37,500, a portion of which was to be paid in annual payments. Plaintiff testified that she spent her inheritance from her mother for family necessities and nearly

all of her income from the business from 1948 until 1957 for the same purpose.

Defendant demonstrated his ability to work and earn a substantial living for himself and his family by his efforts prior to the time the plaintiff inherited money. The plaintiff testified as to his ability, intelligence, and working habits. The record establishes that the defendant is in good health and that he has ability to work and earn a substantial salary. He is temperate in his habits and did contribute such money as he earned in lessening amounts as time went by to the support of the family.

The obligation of a husband to support a wife arises from duties imposed by law and is grounded upon principles of public policy. *Buss v. Buss,* 252 Wis. 500, 32 N. W. (2d) 253; *Fricke v. Fricke,* 257 Wis. 124, 42 N. W. (2d) 500. Divorces are purely statutory. Two elements need be proved under sec. 247.07 (8), Stats.: First, the husband must be of sufficient ability; and second, he must refuse or neglect to provide for his wife. He also has a statutory duty to provide for his children. No definite rules can be laid down, but what constitutes nonsupport of a wife under the statute is to be determined in each case by the peculiar circumstances thereof.

The defendant appeared and testified upon the trial and the court had an opportunity to determine his condition of health, his intelligence, his personality, and other traits that are difficult for us to appraise merely from the record. We have reviewed the record but cannot find that Finding 8 by the trial court is against the great weight and clear preponderance of the evidence.

The defendant also complains that the division of property was inequitable and constitutes an abuse of discretion by the trial court. While in Oshkosh the parties purchased two homes. The first home was purchased for $5,700. Plaintiff's father loaned the parties $2,000 for the down payment.

The balance was financed by a mortgage for $3,700. At the time the defendant was earning a good salary and paid off $300 on the note to Mr. Gallaher and $700 on the mortgage. The balance of $1,700 owed to Mr. Gallaher was deducted from plaintiff's share of his estate. This home was sold for $7,500 and they purchased a different home for $8,500. They applied the equity in the first home on the second. Later this was sold for $10,000 and plaintiff paid $1,000 of indebtedness thereon. The defendant made improvements on the second home by way of insulation, installation of a new furnace, and in other ways. When they moved to Green Bay they purchased a home for which they paid $27,500. They took the proceeds of the old home, with $2,500 in cash which the plaintiff produced, as a down payment and financed the balance with a mortgage for $14,000. Plaintiff also paid for carpeting, draperies, and other items that were sold with the house. The mortgage payments were $150 per month and plaintiff testified that she made all but two of those payments. The house was sold just prior to the trial of the action for $30,000. However, an additional strip of land had to be purchased to satisfy the buyer, for which $500 was paid. There was no showing that any profit was made on the sale of this home.

The trial court felt, and expressed as its opinion in a memorandum decision, that all of the property owned by the parties, either individually or jointly, was purchased in whole or in substantial part from the plaintiff's separate estate. The division was made in lieu of all future alimony.

Under the circumstances presented by the record we cannot see that this division of property was inequitable or that the trial court abused its discretion in making the determination that it did.

*By the Court.*—Judgment affirmed.