KELLOGG BROTHERS LUMBER COMPANY, Appellant, vs. MULARKEY, imp., Respondent.

*January 8—April 3, 1934.*

538

For the appellant there was a brief by *Goggins, Brazeau & Graves* of Wisconsin Rapids, and oral argument by *R. B. Graves*.

*Vincent F. McNamara* of Montello, for the respondent.

The following opinion was filed February 6, 1934:

WICKHEM, J. Defendant Gladwin Mularkey is indebted to plaintiff for building materials of the value of $504.78. A lien was filed on November 27, 1929, against the premises under foreclosure, and a renewal of lien was filed October 4, 1930. No question is raised as to the validity of plaintiff's lien. At the time the materials were furnished, the premises were incumbered by a mortgage executed by defendant Gladwin Mularkey to defendant Emilie Mularkey to secure a note for $3,000. This mortgage bore date of October 20, 1928, and was duly recorded. On December 9, 1929, Gladwin Mularkey executed a mortgage to Margaret McNamara for $1,000, which was duly

recorded. This mortgage was later assigned to the Montello State Bank. On December 9, 1929, a new mortgage from Gladwin Mularkey to Emilie Mularkey was executed for $1,500. This mortgage was duly recorded. The Emilie Mularkey first mortgage was satisfied of record on December 14, 1929, to enable the loan of $1,000 to be made by Margaret McNamara and to give priority to the McNamara mortgage. Emilie Mularkey knew of the furnishing of materials which were the basis of plaintiff's lien, but did not know of the existence of the lien.

It is the contention of plaintiff that the Mularkey mortgage was intentionally and deliberately released; that the ignorance of plaintiff's lien was the result of negligence which bars relief, and that the satisfaction gave to plaintiff's lien a priority which cannot now be disturbed.

The authorities in this country are overwhelming to the effect that such a satisfaction as is here involved is not conclusive as to the discharge of the mortgage or the payment of the indebtedness secured thereby, and that in the absence of paramount equities it will not be held to have resulted in a subordination of the security of the senior lien to an existing junior lien unless the circumstances of the transaction indicate this to have been the intention, or unless such intention is shown by extrinsic evidence. See note 33 A. L. R. 149. The case of *Conner v. Welch*, 51 Wis. 431, 8 N. W. 260, is there cited as contrary to the majority rule. In this case Osborne was the owner of the premises in question. He gave a first mortgage to one Allen; a second and third mortgage to Patrick Duffy; a fourth mortgage to Elizabeth Duffy, and a fifth mortgage to plaintiff. Thereafter defendant Stein took judgment against Osborne, which was duly docketed. On the next day Stein assigned this judgment to his attorney, William Welch. Two days later the second, third, and fourth mort-

gages were assigned to Stein, and on the next day Stein brought action to foreclose the second and third mortgages. Three days later Osborne quitclaimed the premises to plaintiff. One month later, in the offices of Welch, and in the presence of Mr. Welch's partner, plaintiff paid up the principal and interest due on the second and third mortgages, and, a few weeks later, the principal and interest on the fourth mortgage. All three mortgages were satisfied of record upon the insistence of plaintiff. No mention was made of the judgment, and plaintiff did not know of it. The result of these transactions was that the holder of mortgages, the lien of which was superior to the judgment, satisfied these mortgages upon full payment of the amount due. Plaintiff sought to re-establish the lien of these mortgages, and this court declined to grant the relief. In the *Conner Case* there was an actual payment of the debt secured by the mortgage, and an intended satisfaction and discharge of the mortgages. The intention to discharge rather than to take assignments of the mortgages was the result of ignorance of the existence of the lien created by the docketing of the judgment. This ignorance was held to have been the result of gross negligence, and relief was consequently denied. The court also assumed that the rights of a third person had intervened, although it is clear from the facts that the intervention was not after the satisfaction or in reliance upon it.

In the instant case there was no payment of the debt and no intention finally and fully to satisfy the mortgage or to do more than subordinate the existing first mortgage to the new McNamara mortgage. However, if the holder of a lien existing at the time of the satisfaction is to be treated as one whose rights have so "intervened" as to bar relief, and if failure to discover the existence of this lien necessarily constitutes gross negligence, it would be diffi-

cult, if not impossible, to avoid the doctrine of the *Conner Case*. The rule of this case, however, must be considered to have been modified by the case of *Iowa County Bank v. Pittz*, 192 Wis. 83, 211 N. W. 134. In this case the holder of a first mortgage satisfied the same of record and took a new mortgage, the debt secured by the mortgage being wholly unpaid. There was a second mortgage upon the same premises. After the satisfaction of the first mortgage, and before the execution of the replacement mortgage, the second mortgagee made a new advance of $640 and reduced the rate of interest upon the second mortgage. The second mortgagee relied upon the doctrine of the *Conner Case,* claiming that the release displaced the priority of the first mortgage because of the negligence of the holder and the fact that the second mortgagee's rights had intervened. This court held that as to the $640 which constituted a new advance made after the satisfaction, the second mortgagee was entitled to priority, but that as to the balance, the holder of the first mortgage was entitled to priority. The court held that the first mortgagee was entitled to be protected in spite of his negligence, because the first mortgage was known to be a first lien, no part of the obligation had actually been paid, and the second mortgagee had no superior equities except as to moneys advanced after the satisfaction and in reliance upon it. The holding thus denies relief upon the ground of negligence only as to those who have acquired superior equities by advances subsequent to·and in reliance upon the satisfaction.

No such situation is here presented. Plaintiff has done nothing in reliance upon the satisfaction. The first mortgage has never been paid. The transaction was consummated without knowledge of the fact of plaintiff's lien. The judgment of the trial court restores the ·Mularkey mortgage to its former position of priority. The plaintiff's lien, by

the terms of the judgment, is superior to that of the McNamara mortgage, and the holders of this mortgage make no complaint of this provision. Plaintiff is not injured by the judgment, and has no equities to upset it. It follows that the trial court committed no error in treating the satisfaction as one made under a mutual mistake of fact, and reinstating the Mularkey mortgage as a first lien.

*By the Court.*—The portion of the judgment appealed from is affirmed.

A motion for a rehearing was denied, with $25 costs, on April 3, 1934.