Hansen, Appellant, vs. Hansen, Respondent.

*September 12—October 9, 1951.*

486

*James D'Amato* and *Robert T. McGraw*, both of Waukesha, for the appellant.

For the respondent there was a brief by *Jones & Peterson,* attorneys, and *T. J. Regan* of counsel, all of Milwaukee, and oral argument by *Robert D. Jones.*

MARTIN, J. The first question presented is whether the trial court abused its discretion in awarding defendant $8,000 in cash as a final division of an estate the net value of which was found to be $23,250, consisting of real estate, household furniture, two automobiles, a land contract, and a promissory note.

The parties were married in 1932. There were six children at the time of trial.

The divorce was granted to the plaintiff husband on the ground of cruel and inhuman treatment by the defendant, consisting mainly of her association with other men.

It was undisputed that for about five years during the married life of the parties defendant worked at Allis Chalmers, earning during that period approximately $9,000. Her earnings, she testified, were spent for furnishings for the home, food for the family, and clothing for herself and the children. The home of the parties was built by plaintiff, who was a carpenter-contractor. Defendant helped in the actual construction, doing hard manual labor.

The allowance of approximately one third of the value of the estate to the wife, particularly where the divorce is granted on the ground of her misconduct, may be said to be liberal, but it is clearly not an abuse of the court's discretion. In *Gauger v. Gauger* (1914), 157 Wis. 630, 633, 147 N. W. 1075, the court said:

"There is no precise measure by which to determine the amount to be awarded to a divorced wife out of the subject for division.

"The nearest approach thereto is this: Except in some extraordinary circumstances, the maximum for the wife is one half. That may be reduced to one third or even less."

The next question to be considered is that of support money.

Before commencement of the action, defendant had removed from the home of the parties, taking with her one of the children. Defendant was then pregnant.

After summons and complaint had been served the parties entered into a stipulation providing for custody of four children in the plaintiff and one child in the defendant. It further provided for payment of $125 monthly alimony and support money for defendant, payment of her impending lying-in expenses, and $250 for her attorney's fees.

The record discloses that plaintiff's income is about $6,000 per year.

Counsel contends that the support-money award is excessive, and offers the argument that on the basis of $125 a month for the support of two children, $375 out of plaintiff's monthly income of $500 will be spent for the support of the six children. This leaves a balance of only $125 to plaintiff from which he must pay his other obligations. On that same basis, however, defendant will have no such balance left. Burdensome as the obligations of the plaintiff may be, his financial position is better than that of defendant.

It is necessary that both parties maintain a home for the children in their custody. Plaintiff was awarded the home of the parties and household furnishings, and it is presumed that defendant will have to spend all or most of her $8,000 cash allowance for a home for herself and the two children in her custody, one of whom is still an infant. Whether she will be able to supplement her income by accepting employ-

ment is speculative; certainly it is desirable that she spend most of her time taking care of the children.

The matter of support money is, of course, always open for revision by the trial court on the motion of either party. We cannot say that the amount awarded under present circumstances is so unwarranted as to establish abuse of discretion on the part of the trial court.

The court made no finding with respect to alimony, but the judgment provides for payment of $1 a year permanent alimony to the defendant.

So far as the record discloses there is no request for alimony except that contained in the prayer of the defendant's counterclaim, and we do not see any need for such award. A final division of estate has been made. The matter of support-money allowance is always open.

It is true that under sec. 247.26, Stats., a judgment of divorce may make a final division and grant alimony as well; that after judgment making a final division and no allowance for alimony, under sec. 247.32 no revision of the judgment to provide for alimony may be had. However, in cases where a divorce is granted because of misconduct by the wife and she is given a fairly substantial division of the property, we cannot approve of $1 a year alimony allowance without a definite statement by the trial court of its reason for making such award.

The record shows several remarks by the trial court to the effect that it simply thought the question of alimony should be held open. Only one such remark gives any clue as to its reason for thinking so, "The question as to whether she is entitled to alimony or not I think—of course she has a small child here only a few months old," which would seem to indicate it had the possible future need for alimony confused with defendant's possible future need in connection with the support of the youngest child. That, of course, could

be adequately taken care of by a revision of the support-money allowance, rather than alimony.

No reason is given by the trial court for granting permanent alimony of $1 a year, and under all the circumstances we feel that its determination to keep open the matter of alimony was arbitrary and should be reversed. The judgment is so modified.

The record shows that this case was bitterly contested; many witnesses were called and a great deal of testimony adduced at the trial. It is now on appeal. Although the allowance for attorney's fees may possibly be termed liberal, it does not show an abuse of discretion on the part of the trial court.

*By the Court.*—The judgment is modified by eliminating the alimony allowance of $1 a year, and as so modified is affirmed. No costs allowed to either party.