WEIHERT, Respondent, vs. WEIHERT, Appellant.

*December 1—December 30, 1953.*

For the appellant there were briefs by *Niemann & Hibbard* of Watertown, and oral argument by *George E. Niemann* and *Paul L. Hibbard.*

For the respondent there was a brief and oral argument by *Bernard J. Traeger* of Watertown.

FRITZ, C. J.   In its decree the trial court stated:

"With respect to alimony and support money the court harkens to the doctrine of *Hansen vs. Hansen* and again experiences some difficulty because of the strange circumstances of this case. Were it not for the children the court is of a mind that a property division, full, final, and complete and in lieu of all alimony would be the correct and most appropriate disposition because these persons certainly will never be reconciled and perhaps for the good of the community in which they live should never be reconciled. In the *Hansen Case* it is indicated that support money may well include maintenance of a mother in the home although no alimony for that purpose be awarded and by that device a full and final division of property in an appropriate amount may be proper."

In the addendum to the decree the court stated:

"After due consideration, it is decided that a final division of the estate of the husband be made in lieu of alimony be-

cause there is no true need for an award of alimony as such. It is considered that it is desirable that the plaintiff spend most of her time taking care of the infant children. However, her need in connection with the support of the children may be cared for by including an allowance for her own maintenance in terms of a support-money allowance."

In paragraph 4 of the court's conclusions of law it is stated:

"4. That the defendant shall pay to the plaintiff the sum of one hundred fifty dollars ($150) per month support money, the first payment to be made on the 5th day of each month thereafter until further order of this court, said support money to be paid to the clerk of this court for the use and benefit of the plaintiff, for the support and maintenance of herself and her two children, each child shall have the use of forty dollars ($40) thereof and plaintiff shall have the use of seventy dollars ($70) thereof, and the plaintiff having due regard for this guide, shall exercise her discretion as to expenditure of the funds. . . ."

Paragraph 5 provides:

"5. That the plaintiff shall not be entitled to alimony."

In our opinion the trial court was correct in holding that plaintiff was not entitled to alimony and in making a full and final division of property in lieu thereof.

Apparently, however, the court attempted to establish a difference between alimony and support money for the wife, and, recognizing that the maintenance of a home and her presence there were necessary to properly care for the children, attempted to provide for her support and maintenance in the award of support money rather than by way of alimony. This it cannot do.

As stated in 17 Am. Jur., Divorce and Separation, pp. 405, 406, sec. 496:

"Alimony, which signifies literally nourishment or sustenance, is the allowance which a husband may be compelled

to pay to his wife for her maintenance when she is living apart from him or has been divorced—an allowance for support and maintenance. . . . A monthly allowance ordered by a decree of divorce to be paid by the husband to the wife for the support of herself and minor child is none the less alimony because of the imposition on the wife of the duty to support the child."

From the language of the decree quoted above, the trial court apparently relied on *Hansen v. Hansen* (1951), 259 Wis. 485, 49 N. W. (2d) 434. The question there was whether or not the support-money award for the children in the wife's custody was excessive.

Here the support-money award is made to the plaintiff "for the use and benefit of the plaintiff, for the support and maintenance of herself and her two children," $70 of the $150 per month to be used for herself. This is clearly an award of alimony to the wife and contrary to the finding that she is not entitled to alimony. If the court was of the impression that $150 a month was necessary for the support of the children, it was within its discretion to make such allowance. In our opinion the case must be returned to the trial court for further consideration of the matter of support money for the children.

Defendant makes the further objection that the allowance of $150 per month is excessive. We are unable to agree. The court found that the husband has a net estate of about $25,000; that although his income is approximately $125 per month, he is capable of earning considerably more. If it was the trial court's intention to provide $150 per month for the support of the minor children, it was within its discretion to do so, and we cannot say that the amount is excessive, considering the size of the husband's estate and his earning capacity.

Counsel for plaintiff complains that no allowance has been made for attorney fees on this appeal and applies to this

court for relief. Supreme Court Rule 43a (sec. 251.431, Stats.), promulgated by this court, provides that no allowances for suit money, counsel fees, or disbursements on appeal will be made in this court, and further requires that:

"Such allowances, if made at all, shall be made by the proper trial court upon motion made and decided after the entry of the order or judgment appealed from and prior to the return of the record to this court. . . ."

Counsel admits the rule has not been complied with and we must therefore deny the application.

*By the Court.*—That portion of the judgment appealed from is reversed and cause remanded for further proceedings consistent with this opinion.