Fᴇᴇ, Appellant, v. Hᴇʀɪᴛᴀɢᴇ Mᴜᴛᴜᴀʟ Iɴsᴜʀᴀɴᴄᴇ Cᴏᴍ-
ᴘᴀɴʏ, Respondent.

*September 4—October 2, 1962.*

For the appellant there was a brief and oral argument by *William F. Hayes* of Ripon, attorney, and *William A. Ritchay* of Milwaukee of counsel.

For the respondent there was a brief by *John P. McGalloway, Sr.,* and oral argument by *Mr. McGalloway, Sr.,* and *Mr. William D. McGalloway,* both of Fond du Lac.

FAIRCHILD, J. By the provision relied upon, the defendant insurance company agreed—

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

"A. bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by any person;

"B. injury to or destruction of property, including loss of use thereof, hereinafter called 'property damage;'

"arising out of the ownership, maintenance, or use of the owned automobile or any nonowned automobile, and the company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false, or fraudulent; but the company may make such investigation and settlement of any claim or suit as it deems expedient."

Plaintiff contends that by this provision the insurance company has promised to pay those sums which he became obligated to pay, in order to provide his wife with medical and hospital care made necessary by her injury arising out of the use of the automobile. The language of the provision does not support his contention.

The contract provides that the insurer will pay all sums which the insured is legally obligated to pay *as damages*. Damages are:

"A pecuniary compensation or indemnity, which may be recovered in the courts by any person who has suffered loss, detriment, or injury, whether to his person, property, or rights, through the unlawful act or omission or negligence of another." [1]

The law, for reasons of policy, requires a husband to support his wife.[2] His duty includes an obligation to pay for medical care furnished her.[3] When he has paid or incurred sums for such care, he may *recover* them *as damages* from one who is legally responsible for the injury which made them necessary, but his marital obligation is not an obligation to *pay* them *as damages*. Since Mr. Fee was not legally obligated to pay Mrs. Fee's expenses *as damages*, he cannot recover those sums under his insurance policy.

It happens that Mrs. Fee was injured in a collision with another automobile, also covered by a policy issued by Heritage, and that in another action Mr. Fee recovered a part of Mrs. Fee's medical expenses from Heritage. He recovered only a part because 10 percent of the causal negligence was attributed to Mrs. Fee and because of a limit of liability in the policy covering the other car. These facts are wholly immaterial in this action. Plaintiff makes it clear that the present action is on his own policy, and not based on any claim that Mrs. Fee's injuries were caused by the negligence of anyone.

*By the Court.*—Judgment affirmed.

[1] Black's Law Dictionary (4th ed.), p. 466.
[2] *Zachman v. Zachman* (1960), 9 Wis. (2d) 335, 101 N. W. (2d) 55.
[3] *Jewell v. Schmidt* (1957), 1 Wis. (2d) 241, 250, 83 N. W. (2d) 487; *Puhl v. Milwaukee Automobile Ins. Co.* (1959), 8 Wis. (2d) 343, 99 N. W. (2d) 163.