Currie, C. J.
 

 The issues attempted to be raised by appellant bank on this appeal are:
 

 (1) Is the trial court’s finding, that plaintiff’s mortgage of March 16, 1961, was given in renewal of plaintiff’s mortgage of October 3, 1960, contrary to law or the great weight and clear preponderance of the evidence ?
 

 (2) Does the order modifying judgment sufficiently protect defendant bank’s right to have adjudicated the issue of marshaling of assets raised by its motion for review ?
 

 (3) Does the evidence support the finding that plaintiff is entitled to $3,918.93 interest on the March 16, 1961, mortgage note ?
 

 Priority Issue.
 

 The evidence which supports the trial court’s finding that plaintiff’s March 16, 1961, mortgage was given in renewal of its October 3, 1960, mortgage is this: Kaminsky, president of plaintiff, testified that the March 16, 1961, note in
 
 *502
 
 the sum of $10,644 was a renewal of the October 3, 1960, note of $14,893. The balance owing on the $14,893 original note as of March 16, 1960, was $10,644 so that the new note was for the identical sum of this balance. The October 3, 1960, mortgage was later satisfied of record.
 

 To rebut this evidence appellant relies on the fact that the October 3, 1960, mortgage was not satisfied until three months after the giving of the new note and mortgage, and the printed form of satisfaction recited that the October 3, 1960, mortgage “is fully paid, satisfied and discharged.”
 

 In
 
 Kellogg Brothers Lumber Co. v. Mularkey
 

 [1]
 
 this court was faced with a fact situation not essentially different from what is before us in the instant case. There a mechanic’s lien claimant stood in the same position as appellant bank does here. The original mortgage which had priority over the mechanic’s lien was satisfied five days after the giving of the new mortgage in renewal of the original mortgage. The mechanic’s lien claimant, as does appellant here, contended that the satisfaction of the original mortgage was conclusive with respect to its discharge as a lien against the mortgaged premises. In rejecting this contention, Mr. Justice Wickhem, speaking for the court, stated:
 

 “The authorities in this country are overwhelming to the effect that such a satisfaction as is here involved is not conclusive as to the discharge of the mortgage or the payment of the indebtedness secured thereby, and that in the absence of paramount equities it will not be held to have resulted in a subordination of the security of the senior lien to an existing junior lien unless the circumstances of the transaction indicate this to have been the intention, or unless such intention is shown by extrinsic evidence.”
 
 [2]
 

 
 *503
 
 The facts of the instant case clearly bring it within the scope of this rule. There is no evidence of express intention on the part of plaintiff and the mortgagors that appellant’s mortgage should have priority and there is a complete absence of any paramount equities which would require such result. Appellant has done nothing in reliance upon the satisfaction of plaintiff’s original mortgage. By according priority to plaintiff’s present mortgage appellant is left in no worse position than it was when it took its mortgage on October 17, 1960.
 

 Appellant argues that the rule stated in the
 
 Kellogg Brothers Lumber Co. Case
 
 is considered applicable primarily when the renewal and satisfaction are contemporaneous,
 
 [3]
 
 and the three-month separation in time between the March mortgage and the June satisfaction defeats the application of the general rule to the facts before us. Although the contemporaneousness of the transactions has been stressed by some authorities, the fact that three months separated the transactions in the case before us should not defeat the operation of the general rule. If the transactions had been reversed, the October 3, 1960, mortgage satisfied in March and the new mortgage not executed until June, then the time discrepancy would be important as it would tend to refute plaintiff’s claim that the second mortgage was in fact a renewal. However, in the present case, the renewal was executed first, and the satisfaction three months later. The
 
 *504
 
 important transaction from the standpoint of time is the new mortgage, and it was concluded while the October 3, 1960, mortgage was still in effect.
 

 We attach no significance to the fact that the printed form of mortgage satisfaction used the words “fully paid.”
 

 Appellant cites
 
 Rielly v. Arnsmeier
 

 [4]
 
 where this court held the rule of the
 
 Kellogg Brothers Lumber Co. Case
 

 [5]
 

 inapplicable because of change in some of the parties executing the two mortgages. We do not have such distinguishing facts here.
 
 [6]
 

 Not only do we find the trial court’s determination that plaintiff’s mortgage has priority over that of appellant is not contrary to the great weight and clear preponderance of the evidence, but that the evidence here requires such a holding as a matter of law.
 

 Marshaling of Assets.
 

 Appellant requests that it be protected by the doctrine of marshaling of assets if this court affirms the determination of priority made by the trial court. In 4 American Law of Property, this doctrine is defined as follows:
 

 “The paramount mortgagee of a tract, parcels of which have been transferred or mortgaged to persons under circumstances giving to them a right of marshaling against other portions of the property, must not do anything to defeat the rights of such persons if he knows of them. The knowledge must be actual, not constructive through the recordation of subsequent conveyances or mortgages of portions of the mortgaged property. However, if the paramount mortgagee
 
 *505
 
 does have actual notice of subsequent alienations or mortgages of parcels of the mortgaged property, he acts at his peril in releasing from the mortgage any part of the property against which the marshaling equity runs. Hence if he releases such a part, under such circumstances, he must deduct from the debt, before enforcing his lien against the property in the hands of these persons, the value of the property released which they had a right to have him apply to the debt before resorting to the property held by them.”
 
 [7]
 

 Appellant points out that when plaintiff satisfied the October mortgage on June 19, 1961, plaintiff’s mortgage included those properties comprising parcels B and C in the mortgage. However, appellant’s junior mortgage was only on that parcel described in the October 3, 1960, mortgage as parcel C. Appellant urges that the judgment of the trial court be amended to provide that should the public sale be insufficient to satisfy the amounts due both plaintiff and appellant, the value of the released mortgage on parcel B be determined, and that such value be credited to appellant.
 

 Appellant concedes that it cannot be determined whether it has been prejudiced by the release of Parcel B until the foreclosure sale of Parcel C has been held and it is determined whether there is an insufficiency of proceeds to satisfy both plaintiff’s and its mortgages.
 

 We conclude that appellant’s rights with -respect to application of the aforequoted rule of marshaling of assets has been fully protected by the modification made in the judgment by the order of January 28, 1965. Under this modification, if the sale produces insufficient proceeds to pay both plaintiff’s and appellant’s mortgages, the issue of marshaling of assets can be fully considered and examined at the time of the court’s hearing on motion to confirm sale and distribute the proceeds thereof.
 

 
 *506
 

 Interest Allowed on Plaintiffs Mortgage.
 

 Kaminsky, president of plaintiff, testified that the interest owing on plaintiff’s $10,644 mortgage note to date of trial was $3,918.93. This was the amount of interest the trial court found in its findings of fact to be due, and the amount was included in the judgment. The space in the printed note in which to insert the rate of interest was not filled in so no rate of interest was specified. Thus the note provided for interest without specifying the rate. At one point in Kaminsky’s testimony he stated that plaintiff had agreed to “carry” the interest on the note for one year, which appellant interprets as an agreement that the note should bear no interest for a year. It is because of this that appellant now raises the issue that the interest allowed in the judgment should be computed at the legal rate from March 16, 1962.
 

 The record fails to show that appellant ever raised the issue of interest computation before the trial court either prior to judgment or upon its subsequent motion for review. In cases involving jury trials a party is precluded on appeal from raising as a matter of right an alleged error of the trial court which has not been raised in the trial court.
 
 [8]
 
 In the recent case of
 
 Fringer v. Venema
 

 [9]
 
 we left open the question of whether this same rule was applicable to trials before the court. We did, however, point out that sec. 269.46 (3), Stats., provides that all judgments and orders of the trial court can be reviewed by that court within sixty days of notice of entry thereof. Here appellant pursuant to sec. 269.46 (3) did move for review of the judgment but did not raise any issue with respect to interest. We hold that this precludes appellant from now raising this issue for the first time on appeal.
 

 
 *507
 

 By the Court.
 
 — The judgment and order appealed from are affirmed.
 

 Gordon, J., took no part.
 

 [1]
 

 (1934), 214 Wis. 537, 252 N. W. 596.
 

 [2]
 

 Id. page 539. These further authorities support this rule: Annos. 98 A. L. R. 843 and 33 A. L. R. 149; 36 Am. Jur., Mortgages, p. 916, sec. 458; 5 Tiffany, The Law of Real Property (3d ed.), p. 528,
 
 *503
 
 sec. 1488;
 
 Merchants & Marine Bank v. The T. E. Welles
 
 (5th Cir. 1961), 289 Fed. (2d) 188;
 
 Barnouw v. S. S. Ozark
 
 (5th Cir. 1962), 304 Fed. (2d) 717;
 
 Potwin State Bank v. Ward
 
 (1958), 183 Kan. 475, 327 Pac. (2d) 1091;
 
 Shanks v. Phillips
 
 (1932), 165 Tenn. 401, 55 S. W. (2d) 258;
 
 Insurance Co. v. Bank
 
 (1933), 114 W. Va. 271, 171 S. E. 530. See also
 
 Farmers & Merchants State Bank v. Hildebrandt
 
 (1936), 221 Wis. 394, 397, 398, 267 N. W. 42, 268 N. W. 212, and concurring opinion, page 405.
 

 [3]
 

 1 Jones, Mortgages (8th ed.), p. 1092, sec. 737 ; 59 C. J. S., Mortgages, p. 342, sec. 281.
 

 [4]
 

 (1936), 220 Wis. 564, 265 N. W. 713.
 

 [5]
 

 Supra,
 
 footnote 1.
 

 [6]
 

 The decision in the
 
 Rielly Case
 
 has been criticized by an acknowledged authority on property law. Jacob H. Beuscher, Work of the Wisconsin Supreme Court, Mortgages and Real Estate, 12 Wisconsin Law Review (1936), 46, 47, 48.
 

 [7]
 

 Pages 376, 377, sec. 16.159.
 

 [8]
 

 Wells v. Dairyland Mut. Ins. Co.
 
 (1957), 274 Wis. 505, 518, 80 N. W. (2d) 380.
 

 [9]
 

 (1965), 26 Wis. (2d) 366, 132 N. W. (2d) 565, 133 N. W. (2d) 809.