FARWELL, Respondent, v. FARWELL, Appellant.

*November 30, 1966—January 3, 1967.*

For the appellant there were briefs and oral argument by *Robert Dewa* of Madison.

For the respondent there was a brief by *Lawton & Cates,* and oral argument by *George E. Aumock,* all of Madison.

HANLEY, J.   Two issues are raised on this appeal. They are:

1.   Is the plaintiff wife a fit and proper person to have custody of the minor children of the parties?

2. Did the trial court abuse its discretion by awarding $500 per month for the support of the minor children?

A preliminary question is raised by plaintiff Roberta Farwell who, relying on *Auto Acceptance & Loan Corp. v. Taus* (1965), 28 Wis. (2d) 496, 137 N. W. (2d) 452, challenges the right of defendant Gail Farwell to relief on this appeal as plaintiff contends defendant failed to move for a review of the judgment pursuant to sec. 269.46 (3), Stats.

In cases involving jury trials a party is precluded on appeal from raising as a matter of right an alleged error of the trial court which has not been raised in the trial court. *Wells v. Dairyland Mut. Ins. Co.* (1957), 274 Wis. 505, 518, 80 N. W. (2d) 380.

In the recent case of *Fringer v. Venema* (1965), 26 Wis. (2d) 366, 132 N. W. (2d) 565, 133 N. W. (2d) 809, this court left open the question of whether the same rule was applicable to trials before the court.

The *Auto Acceptance & Loan Corp. Case, supra,* is distinguishable on its facts. There appellant pursuant to sec. 269.46 (3), Stats., did move for review of the judgment but did not raise any issue with respect to interest. The court held this precluded appellant from raising the issue for the first time on appeal. In the case at bar the defendant did not bring a motion to review, and all issues would be appealable as a matter of right. Also, the questions raised in this case involved alleged abuse of discretion; and review pursuant to sec. 269.46 (3) would serve no purpose.

We conclude that in this case defendant-appellant was not required to bring a motion for review as a prerequisite to this appeal.

## 1. Custody.

The trial court has wide discretion in determining custody matters, and its decision will not be upset unless there is evidence of a clear abuse of discretion. *Wendland*

*v. Wendland* (1965), 29 Wis. (2d) 145, 138 N. W. (2d) 185; *Belisle v. Belisle* (1965), 27 Wis. (2d) 317, 321, 134 N. W. (2d) 491.

In *Heffernan v. Heffernan* (1965), 27 Wis. (2d) 307, 314, 134 N. W. (2d) 439, this court stated reasons for the heavy reliance on trial court findings as follows:

". . . The trial court had as guides, imperfect as they may be, the appearance and demeanor of the witnesses in response to questions, the nature, reasonableness and probability of the testimony, their attitude and demeanor toward the court, officers of the court, the other party and witnesses, and other incidents and observations that tend to lend or detract credibility and weight in determining the truth of the matter."

Defendant-appellant Gail Farwell contends the trial court abused its discretion when it awarded Roberta Farwell custody of their two children. The contention is based on the allegation that Roberta Farwell is an unfit mother.

The defendant-appellant argues that outside activities take so much of her time that she is unable to spend the proper amount of time with her children and that late hours, often past midnight, are a factor to be considered. Apparently the trial court did not give much weight to this argument in view of the fact the testimony disclosed the keeping of late hours occurred when Roberta Farwell was actively engaged in a national political campaign.

Other testimony relied upon by the defendant-appellant was that of Mr. and Mrs. Robert Bourne. Mrs. Bourne, a professional guidance counselor, testified that there was a general disorderliness to the Farwell home. She described the disorderliness as decaying garbage, cat excrement, and dirty clothes. She also testified the baby had a diaper rash and the children had bad eating habits.

Mr. Bourne, also a guidance expert, testified that Roberta Farwell's permissiveness was detrimental to the normal growth of the children. There is some further

testimony in the record with reference to Roberta Farwell's emotional makeup. The witness concluded that she exhibited "a neurotic evasion of growth."

The record discloses that Mr. and Mrs. Bourne were colleagues of Gail Farwell, Mr. Bourne having received his Ph.D. under Gail Farwell.

In regard to Roberta Farwell's fitness, several experts testified that in their opinion she was a fit person to have custody of her children. Cynthia Hettinger, a Dane county caseworker, testified that there was no evidence of neglect and there was evidence of a conscientious concern about her children. Mrs. Michie, a neighbor, testified that Roberta Farwell is a concerned mother, that she fed her children properly, disciplined them, gave them love, and concluded that she was a competent, fit and normal mother. Dr. Leigh Roberts, a psychiatrist, testified that on the basis of limited observation and discussion he found Mrs. Farwell mentally and emotionally stable. Father Robert Shaw testified that both Gail and Roberta were fit parents. The evidence submitted by Gail Farwell is not of the type or amount necessary to support a finding that Roberta Farwell is unfit to have the custody of the children. This court in *Larson v. Larson* (1966), 30 Wis. (2d) 291, 299, 140 N. W. (2d) 230, said:

"The finding of unfitness of a parent to have custody of his or her child, especially a young mother, is drastic and severe and should be supported by substantial evidence. . . ."

Also, in *Belisle v. Belisle, supra,* this court said at page 322:

". . . other things being equal, preference will ordinarily be given to the mother if she is not unfit. . . ."

The words "fit" and "proper" in most cases have been interpreted as meaning moral fitness. *Seelandt v. Seelandt* (1964), 24 Wis. (2d) 73, 81, 128 N. W. (2d) 66.

Defendant-appellant attempts to use *Seelandt, supra,* in support of his contention of unfitness. In that case the mother was held to be unfit because she was emotionally unstable. Also, the facts in that case established clearly that the mother was highly neurotic and that her behavior had a very undesirable effect on her daughter. There was also evidence in that case of frigidity and hostility in the mother-daughter relationship. These are not the facts in the instant case.

The trial court's finding that Roberta Farwell is a competent and fit person to have custody of the minor children is not against the great weight and clear preponderance of the evidence.

### 2. Child Support.

As in custody, awarding child support payments is a discretionary matter. *Hansen v. Hansen* (1951), 259 Wis. 485, 49 N. W. (2d) 434.

Again, the court's decision will not be disturbed unless against the great weight and clear preponderance of the evidence. *Bliffert v. Bliffert* (1961), 14 Wis. (2d) 316, 111 N. W. (2d) 188.

Despite the fact that these matters are discretionary, the trial court must keep in mind that alimony and child support are two different categories of support.

Alimony is a substitute for marital support, providing for the maintenance of the wife. See 24 Am. Jur. (2d), Divorce and Separation, p. 640, sec. 514.

Alimony cannot be awarded to the wife in the guise of child support. See *Brenger v. Brenger* (1910), 142 Wis. 26, 32, 125 N. W. 109.

In *Weihert v. Weihert* (1953), 265 Wis. 438, 61 N. W. (2d) 890, the trial court made a full and final property division in lieu of all alimony and then included a sum for the wife's sustenance in an award of $150 per month for child support. This court reversed, stating:

"Apparently, however, the court attempted to establish a difference between alimony and support money for the wife, and, recognizing that the maintenance of a home and her presence there were necessary to properly care for the children, attempted to provide for her support and maintenance in the award of support money rather than by way of alimony. This it cannot do.

"As stated in 17 Am. Jur., Divorce and Separation, pp. 405, 406, sec. 496:

" 'Alimony, which signifies literally nourishment or sustenance, is the allowance which a husband may be compelled to pay to his wife for her maintenance when she is living apart from him or has been divorced—an allowance for support and maintenance. . . . A monthly allowance ordered by a decree of divorce to be paid by the husband to the wife for the support of herself and minor child is none the less alimony because of the imposition on the wife of the duty to support the child.' "

In the instant action, the trial court indicated in its memorandum decision, in its findings of fact, and in its judgment, that the property settlement was to be "a full, final and complete division of the property and estate of the said parties *and in lieu of all alimony, . . .*" The judgment then made an award of $500 per month "for the support and maintenance of the minor children of the parties." In so doing, the trial court adopted the figure submitted by the respondent as a combination of her own personal expenses and living expenses, as revealed by the only testimony in the record pertaining to this award. (Emphasis supplied.)

Exhibit No. 1, the itemized list of living expenses, demonstrates that the award for support is excessive and that it includes expenditures which comprised Roberta Farwell's own personal expenses. This is the situation found in *Weihert, supra,* which resulted in a reversal of the trial court's order. We believe the trial court's award of $500 per month for the support and maintenance of the children is excessive. We conclude that $350 per month is a reasonable figure for the support of the two

minor children under the present circumstances. In future years when the circumstances change, it will be possible for Roberta Farwell to petition the trial court for any necessary adjustment pursuant to sec. 247.25, Stats.

*By the Court.*—That part of the judgment fixing the amount of support for the minor children is modified by reducing the support payments to $350 per month, and the judgment as so modified is affirmed.

WILKIE, J. (*dissenting in part*). I would affirm. The trial court did not abuse its discretion in setting child support at $500 per month. The defendant receives a salary of $16,000 on a nine-month basis. He has been employed during the summer and other income brings his yearly total to $20,000. To disturb the trial court's decision and set child support at $4,200 annually instead of $6,000 may well force the plaintiff to seek permanent employment. A mother's direct care of her children is a precious asset; driving her to employment will seriously undermine her ability to give her children her full care and will make necessary other costly arrangements for care of the children while she is away. The father has a duty and a capacity to care for the children and can afford to pay $6,000 for the discharge of this responsibility. In its discretion the trial court so decided and I cannot find any abuse of discretion in that decision.

I am authorized to state that Mr. Justice HEFFERNAN joins in this dissent.