KRIESEL, Appellant, v. KRIESEL, Respondent.

*April 13—May 9, 1967.*

For the appellant there was a brief by *Lund & Sherman* of Black River Falls, and oral argument by *Ralph S. Lund.*

For the respondent there was a brief by *Hale, Skemp, Hanson, Schnurrer & Skemp* of La Crosse, and oral argument by *William P. Skemp.*

HEFFERNAN, J.   Appellant relies upon the rule of *Hansen v. Hansen* (1951), 259 Wis. 485, 49 N. W. (2d) 434, in contending that the alimony order is void. In *Hansen* there was an appeal from a judgment awarding $1 a year alimony. No reason for granting of permanent alimony of $1 per year was given by the trial court. Accordingly, this court concluded that the award was arbitrary and the judgment was modified to strike that provision from the judgment. Nowhere in that opinion was it implied that the award was void as being beyond the trial court's jurisdiction. Rather, it is clear that it acted within its jurisdiction but, in view of the failure to spell out any rationale behind the award, it acted arbitrarily and the reversal was for that and not for want of jurisdiction.

We have stated in *Kronforst v. Kronforst* (1963), 21 Wis. (2d) 54, 65, 123 N. W. (2d) 528, that ". . . a trial court should not reserve such jurisdiction to award alimony without stating its reasons for so doing." However, in *Burg v. Burg* (1957), 1 Wis. (2d) 419, 85 N. W. (2d) 356, this court on appeal from the judgment sustained an award of $1 per year alimony despite the fact that the trial court failed to state its reasons therefor. In *Burg* this court considered the facts of the case before determining whether it would sustain the award of $1 per year alimony. It did not reach the conclusion that the award of $1 per year alimony was no alimony award at all, thus barring a future determination of alimony in accordance with sec. 247.32, Stats.[1]   Under the facts of the case, it

---

[1] "247.32 **Revision of judgment.** After a judgment providing for alimony or other allowance for the wife and children, or either of them, or for the appointment of trustees as aforesaid the court may, from time to time, on the petition of either of the parties

permitted the $1 award to stand, although the trial court gave no reason for such an award.

It cannot be said that the court in this case was without jurisdiction to make the award of $1 per year though it may well have erred in doing so. Sec. 247.26, Stats., specifically provides that a trial court "may . . . adjudge . . . alimony . . . for her support and maintenance." The alimony award, though vulnerable under the *Hansen* rule, *supra,* as being arbitrary, is not void.

That award, however subject to attack it might have been, was not appealed. The award was not questioned until five years later when appellant refused to make the alimony payments.

We have said that:

"As no appeal was taken from the circuit court judgment to that effect, all provisions therein and in the findings and conclusions upon which it is based are *res adjudicata,* and therefore conclusive and binding between appellant and all parties to the litigation." *Estate of Weil* (1946), 249 Wis. 385, 391, 24 N. W. (2d) 662.

To avoid the bar of *res judicata,* and no longer being able to take a direct appeal, the appellant has collaterally attacked the original judgment by asserting as a defense to the present contempt charge that the original judgment reserving the right to make alimony payments was invalid.

In *Zrimsek v. American Automobile Ins. Co.* (1959), 8 Wis. (2d) 1, 3, 98 N. W. (2d) 383, we defined a collateral attack as:

and upon notice to the family court commissioner, revise and alter such judgment respecting the amount of such alimony or allowance and the payment thereof, and also respecting the appropriation and payment of the principal and income of the property so held in trust, and may make any judgment respecting any of the said matters which such court might have made in the original action. But when a final division of the property shall have been made under s. 247.26 no other provisions shall be thereafter made for the wife."

". . . an attempt to avoid, evade, or deny the force and effect of a judgment in an indirect manner and not in a direct proceeding prescribed by law and instituted for the purpose of vacating, reviewing, or annulling it."

In that same case, *supra,* page 3, we adhered to the rule as stated in 49 C. J. S., Judgments, p. 792, sec. 401:

" 'A judgment rendered by a court having jurisdiction of the parties and the subject matter, unless reversed or annulled in some proper proceeding, is not open to contradiction or impeachment, in respect of its validity, verity, or binding effect, by parties or privies, in any collateral action or proceeding, except . . . for fraud in its procurement.' "

This trial court had jurisdiction of the parties and the subject matter and, accordingly, its reservation of jurisdiction to award alimony cannot now be questioned.

"It is settled law that a judgment of a court which had jurisdiction of the subject matter of the action cannot be impeached and is immune from and not subject to collateral attack, even though patently erroneous." *Werner v. Riemer* (1949), 255 Wis. 386, 403, 39 N. W. (2d) 457, 39 N. W. (2d) 917.

Kriesel cannot defend himself in this proceeding by raising possible infirmities in the original judgment. Having failed to seek redress in appeal from the judgment, he is bound by it. His wilful refusal to obey an order based upon a judgment that is now beyond his power to challenge is contempt.

*By the Court.*—Order affirmed.