SHOHET, Respondent, v. SHOHET, Appellant.

*No. 133.  Argued September 3, 1968.—Decided October 1, 1968.*
(Also reported in 161 N. W. 2d 235.)

For the appellant there was a brief by *Melli, Smith, Shiels & McCrory* of Madison, and oral argument by *Robert W. Smith*.

For the respondent there was a brief by *Hall & Griffith* of Madison, and oral argument by *Laurence W. Hall*.

HANLEY, J.   The appeal raises three contentions: (1) That the trial court erred in awarding the custody of the minor child to the respondent; (2) that the award of $350 per month for child support is excessive; and (3) that a total award of $1,500 attorney fees is excessive.

The plaintiff, Sharon Shohet, and the defendant, Juda Leon Shohet, were married in 1960. At the time of the trial plaintiff was thirty-one years of age and defendant was twenty-nine. The minor child, Aaron Richard Shohet, was born on May 4, 1965.

Defendant Juda Leon Shohet obtained a Doctor's degree from the Carnegie Institute of Technology in 1962; and since the fall of 1966 he has been an associate professor of electrical engineering at the University of Wisconsin. His current earnings at the time of trial were in excess of $17,000 per year.

Plaintiff Sharon Shohet was employed for the 1967–1968 academic year as an English instructor at Hennepin State Junior College in Osseo, Minnesota, at a nine-month salary of approximately $7,200.

Defendant took up residence in Wisconsin on August 16, 1966, in an apartment previously selected by the parties, but Mrs. Shohet refused to join him. She returned with the minor child to her parent's home in Duluth, Minnesota.

### Legal Custody.

Appellant contends that the trial court was without jurisdiction to determine legal custody and that it abused its discretion in raising and deciding the issue without

notice to or consent of the parties. Respondent on the other hand argues that although no one asked the court to determine custody, common sense dictates that someone must have legal custody. Moreover, respondent contends that appellant waived his right to now raise an objection to custody because he never objected to the trial court decision at the trial level.

The first issue to be disposed of is the effect of the appellant's failure to object to the trial court's findings, conclusions, or judgment.

Respondent points out that appellant approved the findings, conclusions, and judgment as to form and seems to contend that this constitutes an additional waiver of sorts. There is no merit to this contention. Opposing counsel's approval of the findings, conclusions, and judgment as to form merely amounts to an admission that the findings, conclusions, and judgment correspond to the trial court's oral decision. Such an approval does not put any greater burden to object to the decision than exists by its mere rendition.

The question then becomes—must counsel object at the trial court level to preserve his right to appeal.

In *Farwell v. Farwell* (1967), 33 Wis. 2d 324, 327, 147 N. W. 2d 289, this court said:

"In cases involving jury trials a party is precluded on appeal from raising as a matter of right an alleged error of the trial court which has not been raised in the trial court. *Wells v. Dairyland Mut. Ins. Co.* (1957), 274 Wis. 505, 518, 80 N. W. (2d) 380.

"In the recent case of *Fringer v. Venema* (1965), 26 Wis. (2d) 366, 132 N. W. (2d) 565, 133 N. W. (2d) 809, this court left open the question of whether the same rule was applicable to trials before the court."

In *Farwell v. Farwell, supra,* and more recently in *Johnson v. McDermott* (1968), 38 Wis. 2d 185, 156 N. W. 2d 404, the language of *Fringer v. Venema, supra,* was quoted with approval.

Counsel has never been *required* to object to the trial court's findings as a prerequisite to appeal. However, counsel has always been encouraged to follow that practice.[2] Appellant's objection is properly before this court.

We move then to the merits of appellant's contention that a decision on custody was beyond the jurisdiction of the court.

The problem here is not really with jurisdiction of the person but with subject matter jurisdiction. Even though the child himself was not personally before the court or in the state of Wisconsin, both parents personally submitted to the court's jurisdiction.

A note discussing subject matter jurisdiction in child custody cases appears in 1961 Wis. L. Rev. 347. The article recognizes that jurisdiction in child custody disputes is often litigated in a conflict of laws context. Although that is not really the question involved here, the reasoning employed in conflicts problems is equally applicable where the subject matter jurisdiction of the court is attacked.

The pertinent provisions of sec. 247.05, Stats., follow:

"A court of this state having jurisdiction to hear actions affecting marriage may exercise jurisdiction quasi in rem . . . to determine questions of status under any of the following circumstances:

"*. . .*

"(4) ACTIONS FOR CUSTODY OF CHILDREN. The *question* of a child's custody may be determined as an incident of any action properly commenced under sub. (1), (2) or (3) [annulment, separation or divorce]; or under

---

[2] ". . . sec. 269.46 (3), provides that all judgments and orders of the trial court can be reviewed by that court within sixty days of notice of entry thereof. We deem this statute sufficiently broad to allow a motion to review the findings of fact entered by the trial court and commend its use to afford the trial court an opportunity to correct its findings of fact, conclusions of law, and judgment, or award a new trial in appropriate instances." *Fringer v. Venema, supra,* at pages 375 and 376.

s. 247.055 [support, alimony or property division]; or an independent action for custody may be commenced in any county of this state in which the child is present. The effect of any determination of a child's custody shall not be binding personally against a defendant parent or guardian unless the defendant has been made personally subject to the jurisdiction of the court in the action as provided in s. 247.06." [Emphasis supplied.]

The statute permits Wisconsin courts to *hear* the custody issue incident to many other actions affecting marriage whether or not the child is present in the state. However, in this case the issue was never heard but only decided. There was no adversary hearing specifically to determine the fitness of the parents nor was there any specific determination of what was best for the child. In awarding legal custody the court made the following observation:

". . . No question has been raised but that the child is properly in the custody of the mother, whom we must presume to be a fit and proper person to have custody of this child. The legal custody is in her."

Admittedly much of the evidence which would have been heard in a hearing specifically on custody was heard in this case on the support issue. The question to be decided is whether sec. 247.05, Stats., requires that custody be put in issue before it is decided.

The statutes specifically state in other sections that custody may be awarded in certain types of cases whether or not custody itself is put into issue.

Sec. 247.23 (1), Stats., states as follows:

"In *every* action affecting marriage, the court . . . may . . . make such *temporary* orders concerning the care, custody and suitable maintenance of the minor children . . . as . . . shall be deemed just and reasonable . . . ." (Emphasis supplied.)

Sec. 247.24, Stats., provides in pertinent parts that:

"In rendering a judgment of *annulment, divorce* or *legal separation,* the court may make such further pro-

visions therein as it deems just and reasonable concerning the care, custody, maintenance and education of the minor children of the parties, and give the care and custody of the children of such marriage to one of the parties to the action, . . ." (Emphasis supplied.)

Sec. 247.28, Stats., also has a pertinent provision:

"In a judgment in an action for divorce or legal separation, although such divorce or legal separation is denied, the court may make such order for the custody of any of the minor children . . . as the nature of the case may render just and reasonable."

The above sections indicate a legislative intent to permit a custody award wherever sufficient information has come to the trial court's attention so that he can properly determine what is the best interest of the child. A full hearing on divorce, annulment or legal separation would necessarily provide such information. However, it seems to be the position of the legislature that the hearing in an action to compel support, under sec. 247.08, Stats., would not disclose sufficient information to also decide the issue of custody.

The only Wisconsin case found which involved minor children and which was brought to compel support did not include an award of legal custody.

"Thus, notwithstanding that minor children are improperly detained from the father by the mother [who left home without good cause], the offer by the father to support them only if they are returned to his custody, is not a lawful or reasonable excuse relieving him from liability for their support *where the opportunity is open to him to obtain their custody by appropriate legal proceedings.*" *Schade v. Schade* (1957), 274 Wis. 519, 524, 80 N. W. 2d 416.[3] (Emphasis supplied.)

---

[3] The statute involved in the *Schade Case, supra*, was sec. 52.11, Stats. That section was the predecessor of the present sec. 247.08. The section was renumbered by 1959 Laws of Wisconsin, ch. 595, sec. 3.

In light of the above we find the trial judge exceeded his jurisdiction in deciding legal custody in this case. We order the judgment modified so as to delete the paragraph relating to custody.

## Child Support.

The trial court found that the husband's current earnings were in excess of $17,000, gross before taxes. This would give him a net income of approximately $13,000. For the trial court to order him to pay $4,200 annually for child support alone is an abuse of discretion, particularly when the wife only requested $5,400 annually for herself and the child. The award indicates a subsidy for the wife. This court held in *Farwell v. Farwell, supra,* that an award for child support may not include a subsidy for the wife's support.

We think that $225 per month is a reasonable amount for the support of the three-year-old child under the present circumstances. In future years, when circumstances change, it will be possible for either parent to petition the trial court for necessary adjustment pursuant to sec. 247.25, Stats.

## Attorney Fees.

The trial court awarded the respondent $1,250 attorney fees, in addition to the $250 which was paid pursuant to the temporary order of the court. The appellant contends the court abused its discretion in ordering him to pay such a large portion of the fee when such a small portion of the case was devoted to the child support aspect. The main portion of the case was, in fact, devoted to establishing that the wife was entitled to support.

The answer to this contention is included in the language of sec. 247.08, Stats.:

". . . In any such support action there shall be no filing fee, suit tax or other costs taxable to the wife, but after

the action has been commenced and filed the court in its discretion may direct that any part of or all fees and costs incurred shall be paid by the husband."

Although the allowance for attorney fees may appear to be high in an action for support involving one minor child, we do not believe under the facts of this case that it shows an abuse of discretion.

*By the Court.*—The judgment is modified by deleting the paragraph relating to custody and by fixing support money in accordance with the opinion and, as so modified, affirmed. No costs are to be taxed in this court.

WILKIE, J., took no part.