LUTHER HOSPITAL, a Wisconsin corporation, Respondent,
v. GARBORG, Appellant.

*No. 529 (1974). Submitted on briefs December 2, 1975.—Decided
February 23, 1976.*
(Also reported in 238 N. W. 2d 529.)

For the appellant the cause was submitted on the briefs of *David G. Anderson* and *Garvey, O'Brien, Anderson & Kelly,* all of Eau Claire.

For the respondent the cause was submitted on the brief of *Eugene J. La Fave* and *Adler, La Fave & Johnson,* all of Eau Claire.

HEFFERNAN, J.   Defendant appeals from a judgment against him for hospital care and services rendered to his wife. At the time she was admitted to the hospital, an action for divorce was pending. The family court commissioner had issued a temporary order providing that the wife should pay for her own necessities and personal expenditures. A divorce was subsequently granted to the defendant on grounds of cruel and inhuman treatment. Later, the wife declared bankruptcy and her debt to the hospital was discharged.

Defendant acknowledges his common law obligation to support his wife, but argues that the order of the family court commissioner terminated the obligation to pay for his wife's necessities while she was living apart during the divorce action. He relies on the rule that compliance with a provision made for support of the wife in the form of temporary alimony, discharges the husband's common law obligation of support. *Holiday Hospital Association v. Schwarz* (1964) (Fla. App.), 166 So. 2d 493.

The question in this case is whether the order of the family court commissioner was intended as an award of support. The trial judge held this was not the purpose of the order. The entire order is not in the record, because this case was submitted on stipulated facts. The portion of the order quoted in the stipulation provides:

"5. . . . It is further ordered that the plaintiff pay for her own necessities and personal expenditures; that the defendant pay all other family expenses as they come due."

The quoted portion of the order does not constitute an award of alimony under the classical definition that alimony is an allowance which the husband is compelled to pay his wife for her maintenance when she is living apart from him or has been divorced from him. *Weihert v. Weihert* (1953), 265 Wis. 438, 61 N. W. 2d 890. The quoted language did not order the defendant to pay anything for support of his wife. Therefore, compliance with the order did not satisfy the defendant's obligation of support.

Defendant, citing *Richardson v. Stuesser* (1905), 125 Wis. 66, 103 N. W. 261, argues that his common law obligation to his wife does not extend to support while she is away from home. In *Richardson,* the defendant's wife had been committed to an asylum for the chronic

insane. The court held that in the absence of an obligation imposed by statute, the husband had no obligation to pay for his wife's maintenance under such circumstances.

*Richardson* relied on the common law rule that a husband is not obliged to maintain his wife when, without his consent, she is living away from the home reasonably selected by him. There are no facts in the record before us which would bring this case within that rule. Defendant's wife entered the hospital for temporary periods of 10 and 13 days. The charges for her hospitalization during these temporary periods were not for maintenance while away from home. Rather, they were charges for medical care, which is part of the defendant's common law obligation of support. *Fee v. Heritage Mutual Insurance Co.* (1962), 17 Wis. 2d 364, 117 N. W. 2d 269.

*By the Court.*—Judgment affirmed.