MARINE BANK APPLETON, formerly known as Firstar Bank, N.A., a national institution, Plaintiff-Respondent,

v.

HIETPAS, INC., a Wisconsin corporation, City of Kaukauna, a municipal corporation, James R. Ellsworth, as Chairman of the Creditors Committee, L.B. Foster Company, a foreign corporation, Defendants,

C. R. MEYER & SONS COMPANY, a Wisconsin corporation, Defendant-Appellant.

Court of Appeals

*No. 88–0638. Submitted on briefs November 30, 1988.—Decided March 14, 1989.*

(Also reported in 439 N.W.2d 604.)

For defendant-appellant there were briefs by *Charles J. Hertel* of *Dempsey, Magnusen, Williamson & Lampe,* Oshkosh.

For plaintiff-respondent there was a brief by *William R. Steinmetz* and *Steven P. Schneider* of *Reinhart, Boerner, Van Deuren, Norris & Rieselbach, S.C.,* Milwaukee.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.  C.R. Meyer and Sons Company appeals a foreclosure judgment holding that Meyer's construction lien was subordinate to a mortgage held by Marine Bank of Appleton, N.A. Although we accept Meyer's premise that the mortgage priority statute, sec. 706.11(1), Stats., is ambiguous, we reject its interpretation of the statute and other assertions of error and affirm the judgment.

The facts are undisputed. Meyer, a general contractor, started construction on October 11, 1983, on land owned by the city of Kaukauna. The bank recorded its mortgage from the property's subsequent purchaser, Hietpas, Inc., on July 3, 1984. Meyer recorded its construction lien on October 31, 1984. Other relevant facts are recited later.

Where facts are undisputed, the question is one of law. *State v. Williams,* 104 Wis. 2d 15, 21–22, 310 N.W.2d 601, 604–05 (1981). Whether a statute is ambiguous is a question of law to which we owe no deference to the circuit court. "Ambiguity arises when more than one reasonable, although not necessarily correct, meaning can be attributed to a word, phrase, or statute." *West Allis School Dist. v. DILHR,* 116 Wis. 2d

589

410, 418–19, 342 N.W.2d 415, 420 (1984). To properly construe an ambiguity, we should determine the intent of the legislature. *Id.* at 420, 342 N.W.2d at 419. Statutory construction thus requires the analysis of the law's verbal components in relation to its scope, history, context, subject matter, and object to be accomplished. *Id.* at 419, 342 N.W.2d at 421.

The current law regarding construction lien priority is found in sec. 779.01, Stats.: "(4) The lien ... shall be prior to any lien which originates subsequent to the visible commencement in place of the work of improvement, *except as otherwise provided by* ss. 215.21(4)(a) and *706.11(1)."* (Emphasis supplied.)

Section 706.11(1) provides:

> Whenever any of *the following mortgages* has been duly recorded, it shall *have priority over all liens* upon the mortgaged premises and the buildings and improvements thereon, except tax and special assessment liens *filed after the recording of such mortgage:*
>
> ....
>
> (d)   any mortgage executed to a state or national bank .... (Emphasis supplied.)

We conclude that the phrase "filed after the recording of such mortgage:" is intended to modify "all liens" rendering Meyer's lien subordinate in view of the sequence in which it was filed.[1] The only other reading

[1]The current statute's phraseology dates to sec. 14, ch. 208, Laws of 1973. There is no legislative history to suggest an intended substantive change in the order of priorities from the present statute's parent, sec. 235.70, ch. 285, Laws of 1939. That statute, perhaps less confusing than its successor, read: "Whenever any mortgage ... shall have been duly recorded, such mortgage shall have priority over all liens ... except tax and special assessment liens, which shall be filed subsequent to the recording of such mortgage." Similar language is found in sec. 215.21(4) giving a

of the statute, while facially reasonable, is neither correct nor supportive of Meyer's position. Because the phrase "filed after the recording of such mortgage," through questionable syntax and mispunctuation, appears to modify "tax and special assessment liens," it is possible to read the statute to mean that state and national bank mortgages are always superior to other liens (except for tax and special assessment liens, which take priority even if filed later). Even if we were to adopt this reading, and we do not, Meyer's lien is obviously still subordinate. We need not therefore pursue this rejected reading further except to note for purposes of future application that it is inconsistent with both the history of the statute and long-standing construction lien law.

Despite the absence of any authority or convincing reason for its position, Meyer asserts yet a different interpretation, suggesting that the mortgage priority statute only applies to mortgages that are used to secure construction loans. Construction liens have always been recognized as a purely statutory creature. *Rees v. Ludington*, 13 Wis. *276, 308, *279, 311–12 (1860). Since there is nothing in the plain language of the statute to so limit it, we reject this contention.

Meyer next argues that the mortgage priority statute, by treating selective mortgages favorably, creates "clearly anamolous results." Our supreme court in *Julien v. Model Bldg. Loan & Invest. Ass'n.*, 116 Wis. 79, 92 N.W. 561 (1902), rejected a constitutional equal protection challenge to a predecessor of the current statute giving recorded mortgages of building and loan associations priority over liens filed later. Apart from

savings and loan association mortgage similar priority over liens filed later. *See* sec. 779.01(4), Stats.

the constitutional requirement, *Julien* noted that public policy decisions are the province of the legislature and that judicial notions of what is best for the public good are not grounds for relief from statutory requirements.

Meyer next maintains that the mortgage priority statute is inapplicable if the encumbered premises is conveyed after the construction lien attaches. Hietpas, the mortgagor, acquired title from the city of Kaukauna after Meyer commenced construction. There is again no support in either the statute or case law to support this contention, and we reject it.

Meyer finally argues that Marine's original mortgage lost its priority status when it was replaced by a consolidation mortgage recorded on April 15, 1985, long after Meyer's lien was filed. It is a well-accepted rule that a new mortgage that secures an old debt does not extinguish the original lien absent evidence of the parties' intent to do so or of paramount equities that would require that result. *Auto Acceptance & Loan Corp. v. Taus,* 28 Wis. 2d 496, 500–01, 137 N.W.2d 452, 454–55 (1965).[2] The replacement mortgage here expressly provided that Marine was to "retain its lien on all property ...." Further, the parties never satisfied the original mortgage, nor was any portion of the original debt ever repaid. The increase in the amount secured by the replacement mortgage does not distinguish this case from *Taus.* Meyer argues that the trial court made no finding as to the parties' intent. This court will

[2]Both state and federal courts have recognized this rule. *See, e.g., Avondale Shipyards, Inc. v. Tank Barge ETS 2303,* 754 F.2d 1300, 1310 (5th Cir. 1985); *Gerhard v. Stephens,* 442 P.2d 692, 730 (Cal. 1968); *Potwin State Bank v. J.B. Houston & Son Lumber Co.,* 327 P.2d 1091, 1098 (Kan. 1958); *Larson Cement Stone Co. v. Redlim Realty Co.,* 137 N.W.2d 241, 244 (Neb. 1977).

affirm if the trial court reached a result that the evidence would sustain if a specific finding supporting that result had been made. *Moonen v. Moonen,* 39 Wis. 2d 640, 646, 159 N.W.2d 720, 723 (1908). The consolidation mortgage merely permitted Marine to loan additional funds. It did not eliminate the original lien.

Because the circuit court's judgment is affirmed, we do not address Marine's claim that Meyer failed to bring its action to enforce its lien within the two years allowed by sec. 779.06(1). Meyer maintains that Hietpas's bankruptcy action tolled the running of the two-year period.

■ Marine has moved for costs and attorney fees for a frivolous appeal under sec. 809.25(3), Stats. Although Marine concedes the propriety of Meyer's trial court opposition to summary judgment, it argues that the matter should have ended there. Marine's demand is based partially on the premise that sec. 706.11(1) is unambiguous. As demonstrated earlier, the statute is not unambiguous. Perhaps more important, the trial court made no finding that the replacement mortgage extinguished the original mortgage. In that respect, Meyer could argue in good faith that a material factual dispute remains unresolved. Although the line between a frivolous appeal and a legitimate appeal is a thin one in this case, we conclude that Meyer could have had a good faith belief that it could prevail on the replacement mortgage issue. Marine's motion is therefore denied.

*By the Court.*—Judgment affirmed. Costs to respondent.