## ANN SYKES v. S. P. BONNER.

The plaintiff sued the defendant, a physician and surgeon, for "carelessly, negligently, and improperly treating her arm," estimating her damages at $3,000. After one trial, in which the plaintiff gained a verdict, and after this verdict had been set aside and a new trial granted, the defendant

brought suit against the plaintiff, before a magistrate, to recover compensation for his services, and obtained judgment by default:

*Held,* that such judgment is not a bar to the suit for damages in this court.

This is an action against the defendant, as a physician and surgeon, who undertook to cure the plaintiff of a painful swelling of the left arm, for reward, and it is alleged he so carelessly, negligently, and improperly treated the plaintiff, by cutting one or more arteries and veins, that her life was in great danger, and her arm has been rendered wholly useless, by reason of which, etc., she has been damaged $3,000.

A trial was had to a jury, and a verdict was rendered for the plaintiff, on the 10th December, 1869, for $1,000, which verdict was afterward set aside, and a new trial granted, January 21, 1870. On the 24th December, 1870, the defendant filed an amended and supplemental answer, which, besides a general denial of the allegation of the petition, contains a statement that since filing his former answer, defendant, viz: in November, 1870, "in order to establish the fact that he had treated the plaintiff's arm with all proper care and skill, and that he was not guilty of any negligence in regard to it, and that he was entitled to compensation for his services," brought suit therefor against the plaintiff, before John W. Carter, a justice of the peace, to recover $100, and that, after hearing the evidence, the justice rendered judgment in favor of the defendant, against the plaintiff, for that amount and costs. The defendant attaches a certified transcript of the judgment, making it part of his answer, and avers that said judgment is unreversed, unsatisfied, and in full force, and that the justice had jurisdiction to hear and determine the same, and pleads said judgment as a bar to all claim of damages.

To this answer the plaintiff replies a reiteration of the allegations of negligence set out in the petition; she admits she was served with process in the suit before the magistrate, and admits the transcript to be a correct one, but

says she did not know what that suit was for until the filing of the answer; that she did not appear in said case, nor was any testimony offered or received in her behalf, nor was any counter claim filed, set-off or defense claimed or considered by the justice; and that the amount of damages sustained by her exceeded the jurisdiction of the justice.

To this reply the defendant filed a general demurrer, which was reserved to General Term.

*John W. Okey* and *R. S. Swing*, for plaintiff.

*Jordan, Jordan & Williams* and *T. J. Phelps*, for defendant.

HAGANS, J.   In looking into the justice's record, it appears that the judgment against the plaintiff for the professional services of the defendant was taken by default, and on the testimony of the defendant himself only.   It was certainly not necessary, in order to entitle the plaintiff in that case to recover, that he should prove that he was not guilty of any negligence in his professional treatment. It was enough to show, simply, that he performed the service at the defendant's request and their value, and the fact that the amount was due.   There were no pleadings and no issues.   There is nothing in the record to show that the question of negligence was involved.   Now, it is argued, on the authority of *Gates* v. *Preston*, 41 N. Y. 113 (which is a case exactly like the present, except that there the defendant, before the magistrate, consented in writing to a judgment); *Bellinger* v. *Carigue*, 31 Barb. 534; *Davis* v. *Talcott*, 2 Kern. 184, and *White* v. *Merritt*, 3 Seld. 352, that the judgment recovered for the services before the magistrate is a direct admission on the record by the plaintiff in this case of all the facts, which the plaintiff, before the magistrate, would have been bound to prove on a denial of the cause of action alleged there; and that the recovery by the plaintiff there was dependent on a full

performance of his duties in the treatment of his patient, and that the plaintiff here is estopped from questioning that fact in any controversy on the same agreement for services.

We do not see how the plaintiff, in the case before the magistrate, was bound to prove that he was guilty of no negligence in his treatment of the arm before he could recover for his services therein. It was enough to prove the services and their value. We are inclined to think with Judge Daniels, who dissented in *Gates* v. *Preston*, that the question of malpractice was not necessarily in issue before the justice. It will be observed in the cases cited by the defendant, that in the first three there are dissenting opinions, and the rule laid down in the Duchess of Kingston's case (20 Howell's St. Tr. 538), which has been adopted by our Supreme Court in *Lore* v. *Truman*, 10 Ohio St. 45, and stated by Daniels, J., furnishes a sufficient answer to the argument. The merits of this case, under the circumstances, could not necessarily be involved without an issue on the question of negligence; and, so far as the record and the pleadings show, the evidence adduced before the justice was for a different purpose. The effect of that judgment can not be extended or enlarged by argument or implication to matters, so far as the record shows, which were not actually heard and determined. *Johnson* v. *Ormsby*, 8 Casey, 198; *Mallett* v. *Foxcraft*, 1 Story, 474; *Spooner* v. *Davis*, 7 Peck, 147. The magistrate, doubtless, presumed, as is usual in such cases, that there was no negligence, and so rendered judgment. There was an appearance in the cases cited by the defendants, so that it might with some slight reason be claimed that the judgments were conclusive. But in the case at bar the judgment before the justice was by default, and it can not be urged for as strong a reason that it is conclusive on the question of negligence. The amount of damages far exceeded the jurisdiction of the justice, and, according to the justice's code, sec. 108, 1 S. & C. 788, if the defendant there had

pleaded these damages, she might have withheld all of them except enough to cover the plaintiff's claim, and still the plaintiff be entitled to recover in this action if the judgment there had been in her favor. But was she bound to appear before the justice at all? If she was not, we do not see how that judgment can be conclusive of the issues in this case. According to section 95 of the Code, 2 S. & C. 979, "If the defendant omit to set up the counter-claim or set-off, he can not recover costs against the plaintiff in any subsequent action therein;" and this provision applies to suits before justices. Sec. 202, 1 S. & C. 804. The only penalty for not appearing there is that she may not be entitled to recover costs in this action. Her omission to plead there is no bar to a recovery here, except it may be a bar to the recovery of costs. She might have appeared there, and pleaded her counter claim for these damages, and then elected to withdraw it, and allow a judgment to be rendered against her by default for these services, without that judgment being a bar to this action. Sec. 119, 2 S. & C. 984; *Bodurtha* v. *Phelon*, 13 Gray, 413. And this is so, where, at the time of the hearing and rendition of the judgment before the justice, her election was already made, and this action was pending, in which there was an appearance, and a trial and a verdict had occurred.

We are not impressed, when we look into our Code, with the application of the reasoning in the New York cases, and must overrule the demurrer.