Ressequie vs. Byers.

RESSEQUIE vs. BYERS.

*September 1 — September 27, 1881.*

*Bar of Judgment.*

A judgment in a justice's court in favor of a physician or surgeon for professional services is not a bar to an action by the defendant therein against such physician or surgeon for malpractice in rendering such services, where the question of malpractice was not litigated in the suit in justice's court.

Ressequie vs. Byers.

APPEAL from the Circuit Court for *Green* County.

Plaintiff appealed from an order overruling his demurrer to a supplemental answer of the defendant. The case is thus stated by Mr. Chief Justice COLE:

"This action was brought against the defendant, a physician and surgeon, for the recovery of damages resulting from his unskilful and negligent treatment of a gun-shot wound in the hand of the plaintiff, the damages being laid at $5,000. The defendant answered, denying the unskilful and negligent treatment, and further alleging that the injury complained of was the result of careless and negligent conduct on the part of the plaintiff. Subsequently, by a supplemental answer filed, the defendant set forth and alleged that after this cause was at issue he commenced an action before a justice of the peace to recover the value of his services, as a physician and surgeon, in the treatment complained of, demanding judgment against the plaintiff in this action for the value of his services, alleged to be reasonably worth $10; that the summons in such action was personally served upon this plaintiff, who appeared on the return day before the justice, and answered denying the allegations of the complaint therein; that issue was joined in the cause, and by consent the case adjourned to a subsequent day, when this defendant appeared before the justice (the plaintiff herein failing to appear), and such justice, after hearing the proofs, rendered judgment in his favor against this plaintiff for the sum of $10 damages, and costs of suit. The proceedings in the action before the justice are relied on as a defense to this action. The supplemental answer was demurred to, on the ground that the facts therein stated constituted no defense. The circuit court overruled the demurrer; and the correctness of that decision is the question to be considered."

The appeal was submitted on the brief of *P. J. Clawson* for the appellant, and that of *A. S. Douglas* for the respondent.

For the appellant it was argued, that the weight of author-

ity is clearly to the effect that an employer may recover damages for the negligent or improper performance of services, even after a judgment against him in an action for the value of the services, if in such action he omitted to rely upon the ill-performance as a defense. *Sykes v. Bonner*, 1 Cin. Sup. Ct. Rep., 464; *Bodurtha v. Phelon*, 13 Gray, 413; *Burnett v. Smith*, 4 id., 50; *Bascom v. Manning*, 52 N. H., 132; *Stoddard v. Treadwell*, 26 Cal., 294; *Mondel v. Steel*, 8 M. & W., 858; *Davis v. Hedges*, L. R., 6 Q. B., 687; *Barker v. Cleveland*, 19 Mich., 230; Bigelow on Est. (2d ed.), 104 et seq. In this case the question of negligent performance was not in issue before the justice. That defense was not set up in the answer, and could not have been shown on the trial. *Kendall v. Vallejo*, 1 Cal., 371; *Crawford v. Earl*, 38 Wis., 312; R. S., sec. 3626, subd. 4. The effect of that judgment cannot be extended or enlarged, by implication, to matters which were not actually heard and determined. *Sykes v. Bonner, supra; Ihmsen v. Ormsby*, 32 Pa. St., 198; *Mallett v. Foxcroft*, 1 Story, 474; *Spooner v. Davis*, 7 Pick., 147. Failure to counterclaim is not a waiver or loss of the demand or cause of action. *Hall v. Wilson*, 6 Wis., 433; *Woodward v. Hill*, id., 143; *Dudley v. Stiles*, 32 id., 371. Each party has a separate and independent cause of action for a breach of the contract by the other, and neither can be compelled to allege his defense of a breach in a suit by the other. Every one has the right to try his own case. Bigelow on Est., 104.

For the respondent it was contended, that the judgment in justice's court was a bar to this action. *Bellinger v. Craigue*, 31 Barb., 534; *Gates v. Preston*, 41 N. Y., 113; *Blair v. Bartlett*, 75 id., 150; *Dunham v. Bower*, 77 id., 76; *Howell v. Goodrich*, 69 Ill., 556; *Brown v. Mayor of New York*, 66 N. Y., 390; *Bartholomew v. Yaw*, 9 Paige, 165; *Davis v. Tallcot*, 2 Kern., 184; *Demarest v. Darg*, 32 N. Y., 281, 290; *Newton v. Houck*, 48 id., 676; *Stevens v. Miller*, 13 Gray, 283; *Gilson v. Bingham*, 11 Am. Law Reg. (N. S.), 73; *Hig-*

*gins v. Mayer*, 10 How. Pr., 363. In justice's court, on failure of the defendant to appear and answer, the plaintiff is not entitled to a judgment as of course, but is required to prove every fact material to his case to entitle him to recover. R. S., sec. 3626, subd. 8. It must be assumed, therefore, that the justice found and determined that the plaintiff in the action before him rendered the services alleged; that such services were valuable to the defendant therein; and if of value, they could not have been useless; if of use, they could not have been harmful; and if not harmful, there could have been no malpractice. *Blair v. Bartlett, supra.* The right to recover for the performance of the services, and the right to damages for the negligent performance of the same services, are inconsistent. *Dunham v. Bower, supra*; 2 Smith's L. C. (6th Am. ed.), 788. The question of negligence was therefore, by necessary implication, involved in the action in justice's court. The defendant therein, having pleaded the general denial, might have introduced testimony to prove the alleged malpractice and negligence, that being a defense which goes to the whole cause of action. Failing to do so, he is now estopped. *Gleason v. Clark*, 9 Cow., 57; *Sill v. Rood*, 15 Johns., 231; *Howell v. Goodrich, supra; Dunham v. Bower, supra*; 1 Chitty's Pl., 472; *Cunningham v. Lyness*, 22 Wis., 245. The decision of a court of competent jurisdiction is not only conclusive and binding upon all courts of concurrent jurisdiction as to the subject matter thereby determined, but also as to every other matter which the parties might have litigated in the case, and which they might have had decided. And this is true of every point expressly or by necessary implication in issue, whether litigated or not. *Danaher v. Prentiss*, 22 Wis., 311; *Supervisors of Iowa Co. v. Mineral Point R. R. Co.*, 24 id., 93; *Shepardson v. Cary*, 29 id., 34; *Barker v. Cleveland*, 19 Mich., 230; *Petersine v. Thomas*, 28 Ohio St., 596; *Crosby v. Jeroloman*, 37 Ind., 264, 276; *Bates v. Spooner*, 45 id., 489; *Phelan v. Gardner*, 43 Cal., 306.

COLE, C. J. There is, undoubtedly, high authority which supports the ruling of the learned circuit court. There are cases which distinctly hold that a judgment in a justice's court in favor of a physician or surgeon for professional services is a bar to any action by the defendant therein against such physician or surgeon for malpractice in rendering such services. *Gates v. Preston*, 41 N. Y., 113; *Blair v. Bartlett*, 75 N. Y., 150; *Bellinger v. Craigue*, 31 Barb. S. C., 534. There is, however, some conflict of authority on this subject; and as the question is now presented to this court for the first time, we feel at liberty to adopt a rule which seems to us founded on sound principle, and most in accord with reason and convenience in practice. The courts in New York in effect say that the question of the proper care and skill on the part of the physician or surgeon is one necessarily involved and adjudicated upon in an action by him to recover compensation for his services rendered; therefore a judgment in his favor should estop the parties to such suit from ever after questioning that fact in any other action. And the courts of that state even apply the rule to a case where, though the defendant at first appeared in the justice's court and put in an answer, yet he afterwards withdrew it, and did not contest the plaintiff's claim; and the judgment was held to be a bar to a subsequent action by him against the physician for malpractice. *Blair v. Bartlett, supra.* But the doctrine of the New York courts has not escaped criticism.

Mr. Bigelow, in his learned work on Estoppel (2d ed.), p. 98 et seq., reviews these decisions, as well as the adjudications of other courts in strictly analogous cases, and questions the soundness of the New York rule, "unless the distinction taken in New Hampshire, between a judgment by confession and one by default or on trial without alleging the defense, be correct." Page 107. "It may sometimes be difficult to draw a line of distinction between a judgment which will operate as a bar to an action for a specific claim, and one which leaves

the claim outstanding to be enforced by a cross-action" (CHURCH, C. J., in *Dunham v. Bower*, 77 N. Y., 79); but where, as in this case, the defendant makes default in a justice's court, and does not even attempt to contest the value of the services rendered, or raise the question of their proper performance, it is more difficult to perceive any solid ground for holding that he is concluded from showing, in another action, that the plaintiff in that case was guilty of negligence in his professional treatment. It was certainly not necessary, in order to entitle the plaintiff in the justice's court to a judgment, that he should prove he was not guilty of any negligence. "It was enough to show simply that he performed the services at the defendant's request, and their value, and the fact that the amount was due." HAGANS, J., *Sykes v. Bonner*, 1 Cin. Sup. Ct. Rep., 464. It is very doubtful whether the defendant, in the action before the justice, under his answer, could have shown that the plaintiff was guilty of malpractice *(Crawford v. Earl*, 38 Wis., 312); certainly, he did not attempt to raise that issue, or litigate any such question. And if this action is barred by the recovery in the justice's court, it is because the question as to the care and skill of the defendant herein was involved by implication in that suit, not because any such fact or issue was actually litigated between the parties.

This court has said that a judgment is conclusive upon the parties thereto only in respect to the grounds covered by it, and the law and facts necessary to uphold it. *Hardy v. Mills*, 35 Wis., 141; *Lathrop v. Knapp*, 37 Wis., 314. According to this rule of law it is apparent the supplemental answer states no defense; for the issue in this action was not necessarily involved in the justice's suit, and the plaintiff may maintain it notwithstanding the defendant recovered for his services in that court. The plaintiff's claim for damages resulting from malpractice constitutes a separate and independent cause of action, which he can enforce without disturb-

ing any matter litigated in that case. He was not compelled to make the defense before the justice that the defendant's services were of no value, in order to save his rights. He had his election either to recoup his damages *pro tanto* in the justice's court or go for his entire claim in this. It seems to us that this is the better and more convenient rule to lay down upon the subject. If the plaintiff were compelled to make his defense in the justice's court, that the professional services were of no value, and that he had been injured by the defendant's negligence, then it would follow that he must either split up his demand so that there might be two suits instead of one upon it, or content himself with merely defeating the claim for services, or limit his damages to $200, the extent of the jurisdiction of the justice. We are not inclined to adopt a rule which would lead to any such inconvenient consequences. We say, in the language of Mr. Bigelow: "Every cause of action carries with it the right to put it into judgment; and that there is a separate and independent cause of action given to each party results necessarily from the fact that either party may sue the other for a breach. No suit can be maintained except upon a legal ground of action. Now, as one cause of action cannot in itself alone, when merged in judgment, carry another and independent cause of action with it, it is difficult to understand how a judgment for the plaintiff, without plea, can extinguish a counter-right of action by the defendant, however closely connected the two claims may be. Every one has the right to try his own case." Bigelow on Estoppel, 104.

The New York authorities are more or less in conflict with the doctrine laid down or recognized in the following cases: *Bodurtha v. Phelon*, 13 Gray, 413; *O'Connor v. Varney*, 10 Gray, 231; *Bascom v. Manning*, 52 N. H., 132; *Barker v. Cleveland*, 19 Mich., 230; *Mondel v. Steel*, 8 Mees. & W., 858; *Rigge v. Burbidge*, 15 Mees. & W., 598; *Davis v. Hedges*, L. R., 6 Q. B., 687.

It is needless to remark that if the plaintiff in this suit had

set up the defense of malpractice in the action before the justice, an adjudication upon that issue would then have been a bar. The case then would come within a very familiar principle. *Howell v. Goodrich*, 69 Ill., 556. But upon the facts stated in the supplemental answer we are inclined to hold that the recovery in the justice's court is no bar. The question is very fully examined in the authorities to which we have referred, and further discussion of it seems unnecessary.

*By the Court.*— The order of the circuit court, overruling the demurrer, is reversed, and the cause remanded for further proceedings according to law.

CASSODAY, J., took no part.