NORTH BALTIMORE BOTTLE GLASS COMPANY, Respondent, vs. ALTPETER and another, Appellants.

*September 25—October 15, 1907.*

*Vacating judgments: Conditions imposed: Failure to perform: Presumptions: Counterclaim: Failure to litigate:* Res adjudicata: *Estoppel: Waiver: Parties: Sales: Breach by seller: Damages: Proximate cause.*

1. Where the record fails to disclose that costs imposed as a condition for vacating a judgment were paid, and it appeared that judgment was again entered after the expiration of the period limited within which such costs were required to be paid, it.

North Baltimore B. G. Co. v. Altpeter, 133 Wis. 112.

will be presumed that the order of conditional vacation had not been complied with.

2. A counterclaim constitutes an independent cause of action in defendant's favor. Failure to appear and litigate a counterclaim to the demand of the plaintiff is in effect a withdrawal of the cause of action therein set forth, and hence a judgment for plaintiff is inoperative as a bar to the prosecution of the counterclaim in a subsequent action.

3. Where plaintiff, having brought three actions against the same defendant, two in justice's court and one in the circuit court, obtained judgment in all and afterwards, the justice court actions having been appealed, consented to an order consolidating all three actions for trial in the appellate court, under the facts, stated in the opinion, it is *held* that there was no waiver of plaintiff's right to the circuit court judgment or estoppel against asserting rights thereunder.

4. In an action on notes, tried on appeal from a justice's judgment, it appeared, among other things, that the maker had been adjudicated a voluntary bankrupt, that the notes had been properly scheduled, and that the bankrupt had been discharged. There was no showing that a cause of action interposed as a counterclaim in the action had been treated as an asset or was claimed by the trustee in bankruptcy. *Held*, that the counterclaim was based on a subsisting liability against plaintiff and was properly enforceable as such by the bankrupt's surety who had given the undertaking on appeal.

5. Defendant, manufacturer of soda water, purchased bottles from plaintiff and, after use in his business, found the bottles were undersized. For this reason his customers refused to deal with him, and, being unable to purchase full-sized bottles in the market, he was compelled to abandon his business. The evidence tended to show that the defect in size was not apparent from mere observation, and that, after use for some weeks, on complaint of his customers he had had the bottles tested, found them wanting, and immediately notified plaintiff. *Held:*

(1) Defendant's conduct tended to show reasonable diligence, and precluded an inference of acceptance or waiver of damages.

(2) The abandonment of business by defendant was within the natural and probable results of plaintiff's default.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

VOL. 133 — 8

Plaintiff is an Ohio corporation engaged in the manufacture of glass bottles. The defendant *Altpeter* was a manufacturer of soda water and weiss beer in Milwaukee, and some time before July 28, 1896, ordered from plaintiff "one hundred gross ½ pint soda bottles" and other bottles, to be delivered at Milwaukee. The bottles were shipped to Milwaukee, but the plaintiff refused to deliver them before payment. On July 28, 1896, the defendant *Altpeter* executed and delivered to plaintiff three notes bearing that date, one for $200, one for $165.44, and one for $165, and thereupon plaintiff delivered the bottles to him. These notes were all indorsed by the defendant *Kraatz*. Immediately upon their being received the bottles were filled with soda water and delivered by *Altpeter* to his customers and to his trade. *Mr. Altpeter* claims that the soda bottles were undersize, and that upon complaint by his customers he learned that they were smaller than those used by his competitors; that in consequence his trade fell off, and it became impossible for him to use them; and that on this account he was subsequently compelled to give up his soda-water business. He also claims that he notified plaintiff that the bottles were undersize and that no attention was paid to his letter. On the notes becoming due and payment being refused plaintiff commenced three actions—an action in circuit court on the $200 note, and separate actions in justice's court on the other notes. *Mr. Altpeter* counterclaimed in each of these actions for the damages which he alleged he suffered by reason of the undersize of the bottles. In both of the justice's court cases decrees were rendered in plaintiff's favor and they were both appealed to the superior court, J. H. Green and S. I. Henderson signing the appeal bond in the action on the $165 note (designated as case No. 14,220) and G. Schweitzer, Charles J. Koehler, and Tobias Ebling signing the appeal bond in the other case (designated as case No. 14,011). In the action on the $200 note (designated as case No. 14,033), defendants

being in default, judgment was rendered in plaintiff's favor. On November 19, 1898, the court entered an order directing that the judgment rendered should be set aside upon condition that defendants pay the taxable costs and disbursements before noon of November 21, 1898; otherwise that plaintiff should be permitted to enter judgment. There is no record as to whether these costs were paid. On December 1, 1898, judgment was entered in the circuit court in this action. This case was thereafter by order transferred to the superior court. On November 9, 1905, a motion was made for an order consolidating the three cases, and on December 2, 1905, an order was entered for the consolidation of the three actions. Upon the trial of this action evidence was given by the plaintiff as to all three notes, and defendants then offered evidence as to the counterclaim. The defendant *Altpeter* testified that upon complaint by his customers he investigated and found that the soda-water bottles were undersize; that in consequence his trade fell off, and it was impossible for him to use them; that it was impossible to purchase full-sized bottles in the market at that time of the year; and that on this account he was compelled to give up the soda-water business. Plaintiff offered in evidence the judgment in the action on the $200 note. Evidence was also given that the defendant *Altpeter* had gone through bankruptcy and that he had been discharged of his debts existing on July 31, 1899. At the conclusion of the testimony defendant renewed the motion for the vacation of the judgment in the action on the $200 note, and requested permission to move to set aside the order of consolidation as not having been made at the request of the sureties of the defendant in the other two actions. This motion and request were refused and a verdict was directed in plaintiff's favor on the $165 note with interest and on the $165.44 note with interest. The court refused to submit the question of defendant's counterclaim to the jury on the ground that it had been adjudicated

in the action on the $200 note. Judgment was entered in favor of plaintiff and against the defendants and the signers of the appeal bonds. The liability of the signers of the appeal bonds was limited to the action in which each had signed. This is an appeal from the judgment so rendered and entered.

*Charles G. Woolcock,* for the appellants.

For the respondent there was a brief by *Scheiber & Orth,* and oral argument by *C. A. Orth.*

SIEBECKER, J.    The judgment rendered in the circuit court on the $200 note, prior to the order of consolidation of the actions, is in no way impeached as to its validity. It must be presumed that the order vacating it upon condition that *Alpeter* pay the sums specified in the order was not complied with, since the judgment was entered after the expiration of the period given *Altpeter* to prevent its entry upon the verdict by the payment of the sums so ordered. Nor does the record disclose that any steps were taken by him to comply with the court's directions in this respect.

Defendants' nonappearance upon the trial of this case resulted in not litigating the issues raised by the counterclaim alleged by defendants against the plaintiff's claim on this note. The same counterclaim was interposed in each of the actions on the other two notes and was carried into the consolidated action. Upon the trial of the instant action the trial court was of the opinion that plaintiff's recovery of a judgment in the action on the $200 note in the circuit court operated as an adjudication of the merits of the counterclaim, though defendants omitted to appear to actually litigate the issues raised by it, and that this amounted to an adjudication of the claim alleged in the counterclaim and precluded consideration of it as a counterclaim to the plaintiff's claim in the actions on the other two notes. Under the circumstances shown, this ruling was not justified. Defend-

ants' counterclaim constitutes an independent cause of action in their favor, which they were not compelled to present as a counterclaim, but, if they so chose, they had a right to litigate it in a separate suit. Their failure to appear and litigate it as a counterclaim to the demand on the $200 note was in effect a withdrawal of it from that action, and it therefore constitutes no part of the judgment in that case, and such judgment is therefore inoperative as a bar to the prosecution of the counterclaim in a subsequent action. *Ressequie v. Byers,* 52 Wis. 650, 9 N. W. 779; *Dudley v. Stiles,* 32 Wis. 371; 2 Black, Judgm. (2d ed.) § 620 *et seq.;* 1 Van Fleet, Former Adjud. § 168.

There is nothing in plaintiff's conduct showing an intention to waive its right to this judgment of the circuit court. The circumstances disclose that counsel who were conducting the case for the plaintiff were misled through an inadvertent omission to note the state of the proceedings in each of the actions on these three notes, and consequently did not know that the defendants had defaulted and had not complied with the conditions of the order vacating this judgment on the $200 note. This also explains why this action was included in the stipulation for a consolidation of the actions. Defendants, however, were in no way misled to their disadvantage, and the circumstances can furnish no ground for an estoppel against plaintiff's asserting its right to the judgment.

The defendant *Altpeter* is a voluntary bankrupt, and it appears that he scheduled plaintiff's notes as subsisting debts, and that he was discharged from all his debts on July 23, 1899. There is nothing to show that this counterclaim was treated as an asset or was claimed by the trustee in bankruptcy. Under these circumstances it is a subsisting liability against plaintiff, and is properly enforceable as such by *Altpeter's* surety in plaintiff's suit on the two notes not theretofore prosecuted to judgment.

Plaintiff contends that the evidence adduced is insufficient

to authorize the assessment of any damages as the proximate result of its failure to furnish the size of bottles purchased from it, and, if such damages were shown, that *Altpeter* waived them by his failure to inspect the bottles when he received them and to return them, and that his use of them in his business for about three weeks before making any complaint that they did not comply with the terms of the purchase constitutes an acceptance of them.   There is evidence tending to show that the defect in the size of the bottles was not apparent from mere observation; that *Altpeter* believed they were of the proper size, and first learned that they were not from the complaints of his customers after he had used them for some weeks; that he thereupon had them tested, found them wanting, and immediately notified plaintiff. This conduct tends to show that he acted with reasonable diligence, and precludes the inference of an acceptance of them as complying with the order, or that there was a waiver of any damages resulting from plaintiff's default.   *Altpeter* also testifies that his customers, for this reason, refused to deal with him thereafter, unless he should cease using these bottles and furnish his commodities in bottles of the proper size; that he was unable to secure bottles of the regular size in the market, and that he was therefore compelled to wholly abandon his business for that season.   If these facts are found, then these consequences are within the natural and probable results of plaintiff's default to comply with the agreement, and they are sufficiently definite in their character to afford reasonable ground for estimating the damages they occasioned.

Upon these considerations the judgment must be reversed and the cause remanded for a new trial, so that the issues raised by the counterclaim may be litigated in the action.

*By the Court.*—It is so ordered.