KASSIEN, Respondent, vs. MENAKO, Appellant.

*May 6—June 1, 1955.*

For the appellant there were briefs by *Reiland & Schmidt* of Wisconsin Rapids, and oral argument by *Donald E. Reiland.*

For the respondent there was a brief by *Brazeau & Brazeau,* and oral argument by *Richard S. Brazeau* and *John A. Cole,* all of Wisconsin Rapids.

FAIRCHILD, C. J.   The claim by appellant that the action involves the same issues disposed of in the former action in

which Louis Menako was plaintiff and Frank Kassien defendant, which case came here on appeal in *Menako v. Kassien,* 265 Wis. 269, 61 N. W. (2d) 332, cannot be upheld.

The plain and controlling question now before us is: Did appellant damage respondent's property and commit waste when he had that property in his possession? The appellant urges that the issues raised by the pleadings cover the transaction passed upon in the former action, and, further, that the respondent had "his opportunity to establish such claim at said time." It is true that if respondent knew of the destruction of his property or damage to it, he could have counterclaimed for such damage. Even under those circumstances he was not required to present that cause of action at that time. This cause of action is upon a different claim from any submitted in the former case. In the former case, the appellant herein succeeded in securing a judgment which required the parties to place each other in their former positions. The respondent herein complains that he has not been so restored. Had he been advised of the damage at the time and seen fit to interpose a counterclaim, he might have done so, but he was not obliged to do so at that time, and the fact that he did not do so would not and does not prevent him from maintaining this action at this time. *Huntzicker v. Crocker,* 135 Wis. 38, 115 N. W. 340; *Ressequie v. Byers,* 52 Wis. 650, 9 N. W. 779; *North Baltimore B. G. Co. v. Altpeter,* 133 Wis. 112, 113 N. W. 435; *Linker v. Batavian Nat. Bank of La Crosse,* 244 Wis. 459, 12 N. W. (2d) 721, 14 N. W. (2d) 496; *Nehring v. Niemerowicz,* 226 Wis. 285, 276 N. W. 325; 30 Am. Jur., Judgments, p. 934, sec. 190; sec. 263.14, Stats.

The trial court properly denied appellant's motion for summary judgment.

*By the Court.*—Order affirmed.