SINNOTT, Respondent, v. PORTER, Appellant: DEPARTMENT OF REVENUE, Defendant.

*No. 76. Submitted January 30, 1973.—Decided February 27, 1973.*
(Also reported in 204 N. W. 2d 449.)

For the appellant the cause was submitted on the briefs of *Prazak & Geffs* of Clinton.

For the respondent the cause was submitted on the brief of *William H. Freytag* of Elkhorn.

ROBERT W. HANSEN, J. In denying the motion for summary judgment, the trial court held:

(1) The divorce court did not exceed its authority in directing plaintiff's attorney to execute all papers necessary for a division of the estate in the divorce action.

(2) The attorney so authorized exceeded his authority in entering into a revised or changed agreement for the division of the property involved.

*Order involved.*

The order of the divorce court involved or referred to provided:

"It Is Hereby Ordered that Gerald Jaeckle, attorney for the defendant, [Note: plaintiff in the present case] is hereby empowered and directed to execute all papers . . . in the name of Louise C. Sinnott by himself as

attorney in fact to divide the following property between the plaintiff and defendant, to wit:

" . . .

"Land Contract of Glen and Virginia Porter in the amount of $4,600.00."

*Authority of court.*

The question of whether the divorce court exceeded its authority pursuant to a stipulation in directing an attorney in a divorce action to sign for his client papers she refused to sign cannot be raised. It runs smack-dab into the roadblock of the rule prohibiting collateral attacks upon court judgments. That rule, adhered to in Wisconsin,[1] is as follows:

"A judgment rendered by a court having jurisdiction of the parties and the subject matter, unless reversed or annulled in some proper proceeding, is not open to contradiction or impeachment, in respect of its validity, verity, or binding effect, by parties or privies, in any collateral action or proceeding, except . . . for fraud in its procurement."[2]

However, the unavailability of the opportunity for collateral attack, it is to be hoped, will not lead to any implication of approval of a trial court's directing an attorney in a case to sign, on behalf of his client, a document that the client has refused and is unwilling to sign. Given a proper and direct attack, it is difficult to imagine the basis on which such direction to an attorney to act in a client's name against a client's wishes could be upheld. An attorney may serve as an attorney in fact, when so designated by his client, but he cannot be designated by a court against the client's wishes. An attorney is an officer of the court and an agent or legal representative of his client. But, as such court officer, he is

---

[1] *See: Kriesel v. Kriesel* (1967), 35 Wis. 2d 134, 138, 150 N. W. 2d 416, and authorities cited.

[2] 49 C. J. S., *Judgments*, p. 792, sec. 401.

not to be directed to sign a document in the name of his client where the client does not want him to do so or, in fact, want the document signed by her or on her behalf by anyone. We are appreciative of the difficulties of courts, particularly divorce courts, in winding up litigation. But there are other routes open, including contempt proceedings against the recalcitrant litigant and the authority given the court itself,[3] that are open. "Drafting" an attorney to sign legal papers his client does not want signed is not one of them. This may be dicta here, but it is dicta that warns of reefs ahead for a procedure without statutory, common-law or commonsense justification.

*Authority of attorney.*

Not encountering the same roadblock is the trial court's finding that the attorney, directed to serve as "attorney in fact" for his client, exceeded his authority under the divorce court order so designating and directing him to act. It is not disputed that he did. No authority was granted the attorney to alter or change the provisions of the contract he was directed to sign in the name of his client. The agreement that he did sign departed from the original land contract, referred to in the divorce court judgment, in two significant respects: (1) Minimum monthly payments were reduced; and (2) no time limit for completion of the agreement was in the revised contract, whereas five years' limitation was in the original contract. The trial court properly found that the attorney exceeded his authority by entering into the new and revised agreement.

Nor does the trial court's so holding constitute a collateral attack upon the divorce court judgment. Rather, the only issue is as to the scope of authority granted the

---

[3] *See:* Sec. 247.26, Stats., **"Alimony, property division,"** providing, ". . . The court may also finally divide and distribute the estate. . . ."

attorney under the divorce court order. Construing or interpreting the order is not an attack upon it. The rule which so holds and which we accept as definitive is:

". . . Where no relief is sought against a judgment, as, for instance, where the proceeding is for the purpose of construing the judgment, or determining its scope and effect or its nature, there is no infraction of the rule against collateral attack." [4]

Under this rule, plaintiff's assertion that the attorney had no authority to enter into the new and revised agreement is not a collateral attack upon the judgment of the divorce court. It questions only the exact application of the words used in the earlier judgment. What is sought is a proper interpretation of the divorce court order and judgment. The validity of the new agreement being disputed and the lack of authority of the attorney to sign such agreement as "attorney in fact" not being disputed, it follows that the trial court's holding that motion for summary judgment be denied should be affirmed. The pleadings and the testimony at the time of trial may well raise factual questions as to the consequences of plaintiff's action in regard to the new agreement. All that is being decided now is that the trial court correctly found that the attorney exceeded his actual authority in signing the agreement and that the motion for summary judgment was properly denied.

*By the Court.*—Order affirmed.

---

[4] 49 C. J. S., *Judgments,* pp. 812, 813, sec. 408.