Richard W. CASEY, Plaintiff,

v.

PALMER JOHNSON INCORPORATED, Defendant.

Civ. A. No. 79–C–881.

United States District Court, E. D. Wisconsin.

Feb. 4, 1981.

---

David W. Neeb, Terrence J. Gaffney, Milwaukee, Wis., for plaintiff; Davis, Kuelthau, Vergeront, Stover, Werner & Goodland, S. C., Milwaukee, Wis., of counsel.

Roger Pinkert, Sturgeon Bay, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action for damages brought pursuant to 28 U.S.C. § 1333 which grants original admiralty and maritime jurisdiction to the district courts.

The defendant Palmer Johnson Incorporated ("Palmer Johnson") is engaged in the business of construction and repair of pleasure boats in Sturgeon Bay, Wisconsin. In 1977 the plaintiff Richard W. Casey entered into an agreement with the defendant for the performance of certain repair services on his boat "Sugar." Plaintiff contends that the defendant breached the contract by failing to perform the services or performing them in an inadequate manner, that it was negligent in its performance of the contract, and that it breached its implied warranty of workmanlike service. Specifically, plaintiff contends that defendant failed to repair a defective automatic guidance system, also known as an "autopilot," or to warn plaintiff of the defect, and that as a result, the day after plaintiff picked up his boat he put it on autopilot and the boat ran aground. Plaintiff seeks damages in the sum of $11,868 from the defendant.

The defendant has raised four affirmative defenses. In one it contends that the issues raised in this case were raised before in an action in the Door County Circuit Court and that the decision in that case is res judicata to the issues raised here, or, in the alternative, that the plaintiff is collaterally estopped from raising issues in this court which have previously been heard and determined. In another of the affirmative defenses, defendant contends that the plaintiff has been reimbursed by his insurance carrier for a portion of his damages and cannot obtain a second recovery from the defendant for that portion. The two defenses are the subject of memoranda filed by the parties and are currently before the court for a pretrial ruling.

## I. Res Judicata and Collateral Estoppel

The complaint in the Door County Circuit Court action brought by Palmer Johnson against Richard Casey alleged that Casey was indebted to Palmer Johnson "on an account for labor and materials furnished * * * in the hauling out, fitting, repair and launching of a pleasure vessel known as 'Sugar'" in the total sum of $3,367.34. (Paragraph 3) In his answer Richard Casey raised a defense of breach of warranty of workmanlike service. Specifically, he alleged "that plaintiff failed to perform upon its agreement to provide the services ordered." (Paragraph 4) The Court issued a decision in the action on September 12, 1980, and findings of fact and conclusions of law on September 15, 1980. From the decision it appears that the testimony at trial was limited to the quality and extent of the sanding and painting job which Palmer Johnson performed for the plaintiff. Casey argued that Palmer Johnson's performance of the work was inadequate and also that Palmer Johnson did more work than the contract called for. The Court concluded that the work was done in a workmanlike manner but that the plaintiff did more work than the parties had contemplated at the time of entering into their agreement. Recovery was denied for the excess work. It does not appear that the autopilot was made an issue or was the subject of testimony at trial, and no findings with regard to it were made by the Court. Indeed, although Casey asserted in his answer that Palmer Johnson "failed to perform upon its agreement to provide the services ordered," all the testimony at trial appears to have been directed toward whether or not Palmer Johnson performed more than the services ordered and not whether there were certain services ordered which it failed to perform.

█ Wisconsin law and not federal principles of res judicata or collateral estoppel governs the effect of the state court judgment on this action. 28 U.S.C. § 1738; *Winters v. Lavine*, 574 F.2d 46 (2d Cir. 1978); *Omernick v. LaRocque*, 406 F.Supp. 1156 (W.D.Wis.1976); *Allen v. McCurry*, —— U.S. —— at ——, 101 S.Ct. 411 at 415–16, 66 L.Ed.2d 308 (1980). Thus, this Court must give to the Door County Circuit Court judgment at least the preclusive effect which the courts of the State of Wisconsin would give it. *Allen v. McCurry*, supra; *Williams v. Ocean Transport Lines,*

*Inc.*, 425 F.2d 1183, 1189 (3d Cir. 1970) (holding that a federal court acting under its federal as opposed to diversity jurisdiction may also give greater preclusive effect to a state court judgment than the state courts would give).

■ Casey argues that neither of the doctrines of res judicata or collateral estoppel applies in this case to preclude him from litigating the issues raised in his federal complaint because his causes of action are brought under the federal maritime jurisdiction and must be decided by the application of principles of federal maritime law, whereas the state court action was a breach of contract action brought under the state common law. 28 U.S.C. § 1333 provides in part, however, that:

"The district courts shall have original jurisdiction exclusive of the courts of the States, of:

"(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

A state court has no jurisdiction to hear an admiralty or maritime cause of action, and it may not deprive a party with a maritime cause of action of his federally created rights by applying limiting principles of state law to the party's claims; for example, to prohibit a direct tort action against a maritime employer after the employee has received worker's compensation. *Bagrowski v. American Export Isbrandtsen Lines, Inc.*, 440 F.2d 502 (7th Cir. 1971); 14 Wright, Miller and Cooper's *Federal Practice and Procedure* § 3672 at 282.

■ On the other hand, the "saving to suitors" clause in 28 U.S.C. § 1333 gives to a plaintiff the option of choosing his common law remedy and foregoing his maritime claim. 1 *Benedict on Admiralty* § 122 (7th Ed. 1974). Thus, it preserves to the plaintiff all of the remedies available in a state court in personam action and in cases where personal jurisdiction over the defendant can be obtained "the two jurisdictions [state and maritime] are concurrent." 1 *Benedict on Admiralty*, supra, § 123 at pages 8–10. See also 1A Moore's *Federal Practice* ¶ 0.167[3] at 372 (2d ed. 1979); 14 Wright,

Miller and Cooper's *Federal Practice and Procedure* § 3672 at 274–275; *Leon v. Galceran*, 11 Wall 185, 191–192, 20 L.Ed. 74 (1870). As summarized in 7A Moore's *Federal Practice* ¶ .210 at page 2210:

"In summarizing this discussion of the saving to suitors clause it can be stated that, subject only to a very limited exception, a claimant with a cause within the admiralty and maritime jurisdiction can proceed in personam against the person allegedly liable to him and that * * * he may in all such cases, at his option, elect to proceed outside the admiralty jurisdiction. * * * Thus, the grant of exclusive admiralty jurisdiction to the district courts, while embracing the entire scope of causes cognizable within the admiralty, is to a large extent concurrent with the jurisdiction of state courts and, to a lesser extent, with that of the federal district courts in their non-maritime capacity. And the plaintiff, by virtue of his right to elect whether to proceed within or without the admiralty jurisdiction, possesses the power to invoke either the original or concurrent jurisdiction."

A state court judgment on a claim may not be relitigated in federal court even though the claim might originally have been brought in federal court as a maritime or admiralty claim. *Huddleston v. Ohio River Company*, 328 F.2d 789 (3d Cir. 1964). Since the Door County Circuit Court had concurrent jurisdiction with the district courts over Palmer Johnson's breach of contract claim, and since Casey has not attempted to demonstrate that the state substantive law principles applied by the Court in that case deprive him of any rights to which he would have been entitled had the case been brought as a maritime action, the state judgment is fully binding on him and is entitled to full faith and credit from this court under 28 U.S.C. § 1738.

■ Under Wisconsin law an adjudication on the merits resulting in a final judgment precludes later assertion of the same cause of action between the same parties. *Omernick v. LaRocque*, supra, 406 F.Supp. at 1159; *O'Brien v. Hessman*, 16 Wis.2d 455,

114 N.W.2d 834 (1962); *Sinnott v. Porter*, 57 Wis.2d 462, 204 N.W.2d 449 (1973). The bar imposed by the doctrine of res judicata applies both to the judgment and to the findings and conclusions on which it is based, *Kriesel v. Kriesel*, 35 Wis.2d 134, 138, 150 N.W.2d 416 (1967), and it also estops relitigation "not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented." *Cromwell v. County of Sac*, 94 U.S. 351, 24 L.Ed. 195 (1876). See also Conway's *Wisconsin and Federal Civil Procedure* § 80.07 (2d ed. 1976).

The doctrine of bar does not apply if the causes of action are separate, even if they are closely related. Conway, supra, § 82.01. It also does not apply in Wisconsin to matters which might have been raised in the first action as a counterclaim, since counterclaims are permissive and not compulsory under Wisconsin procedure, § 802.-07, Wis.Stats.; *Kassien v. Menako*, 270 Wis. 309, 70 N.W.2d 670 (1955); Conway, supra, § 83.01, unless the claim could have been used as a defense in the first action and the issue which it raises was necessarily determined in the first action in a manner adverse to the claimant in the second action. Conway, supra, § 84.03.

Palmer Johnson sued Casey in state court to recover for labor and materials which it had furnished to Casey in fitting and repairing Casey's boat. As far as can be ascertained from the decision and the findings of fact and conclusions of law issued in that action, which are the only materials aside from the pleadings which have been submitted to this court, the testimony at trial related only to services actually performed by Palmer Johnson in sanding and varnishing the boat, and the decision was that the services which were performed were done in a workmanlike manner but exceeded the services called for by the agreement between the parties. In this action, in contrast, Casey is claiming damages as a result of services which he claims Palmer Johnson was supposed to but failed to perform; specifically, examination and repair of the autopilot. While Casey did state in his pleadings in state court that Palmer Johnson "failed to perform upon its agreement to provide the services ordered," there was no specific mention of the autopilot in the pleadings or, so far as appears in the record before this court, at trial, and no testimony was heard regarding any services called for by the contract but not performed. In consequence, while Casey might have obtained a setoff to the damages recovered by Palmer Johnson if he had presented evidence of failure to perform, he was not required by Wisconsin law to raise his claim as a counterclaim in the state court action, and the claim was not necessary to the decision in that action nor was it in fact decided. Therefore, the judgment in that action does not bar Casey from maintaining his suit before this court. *Schwabe v. Chantilly, Inc.*, 67 Wis.2d 267, 226 N.W.2d 452 (1975).

The doctrine of collateral estoppel precludes relitigation at the trial of this action of any issue which was actually litigated in the state court action and the determination of which was necessary to the judgment in that action. *Omernick v. LaRocque*, supra, at 1159; *Falk v. Falk Corporation*, 390 F.Supp. 1276, 1281 (E.D. Wis.1975). Thus, Casey could not attempt to prove, for example, that the services which Palmer Johnson did perform and which were the subject of testimony in the state court action were performed in an unworkmanlike manner. He may attempt to prove, however, that Palmer Johnson failed to perform certain services which it was obligated by the parties' agreement to perform and that such failure resulted in damages to Casey.

## II. *The Insurance Proceeds*

At the time that Casey's boat ran aground, Casey had in effect a policy of marine insurance issued by the Royal Globe Insurance Company. Palmer Johnson in its brief states that Casey testified during his deposition that following the accident his claim was adjusted and he received $5,160 from the insurance company for salvage and repair. The policy contained a $2,500 deductible clause.

**1366**

Palmer Johnson argues that evidence of the proceeds which Casey received from his insurance company should be admissible at trial to reduce Casey's damages. Its position is that Wisconsin has abolished the collateral source rule which held generally that a tortfeasor could not benefit by having the damages assessed against it reduced by the amount of compensation paid to the claimant from a source not associated with the tortfeasor. See *Heifetz v. Johnson*, 61 Wis.2d 111, 211 N.W.2d 834 (1973); *Fietzer v. Ford Motor Company*, 439 F.Supp. 1346 (E.D.Wis.1977); *Rixmann v. Somerset Public Schools*, 83 Wis.2d 571, 266 N.W.2d 326 (1978). Casey argues that Wisconsin has not abolished the collateral source rule except under very limited circumstances, and that in any case federal law favors the application of the collateral source rule, see *Hartnett v. Reiss Steamship Company*, 421 F.2d 1011 (2d Cir. 1970); *Gypsum Carrier, Inc. v. Handelsman*, 307 F.2d 525, 534 (9th Cir. 1962); 4 A.L.R.3d 535, "Collateral Source Rule," and, because this is a maritime action, should govern in the event application of a substantive provision in state law would serve to unduly restrict the plaintiff's recovery.

The Court declines to decide this issue at this time for several reasons. First and most important is the fact that the parties' briefs were written before either of them had a copy of the insurance policy in hand, and, therefore, the Court has not had the benefit of their views on the proper interpretation of the actual policy involved. The terms of the policy itself are relevant to a classification of the policy as one of investment or indemnity under Wisconsin law, which classification in turn affects the application of the collateral source rule. *Rixmann v. Somerset Public Schools*, supra. Although it is by no means certain that a federal court in deciding a maritime cause of action will be governed by substantive state law, 7A Moore's *Federal Practice* ¶ .255[1] n. 5, state law may be looked to for guidance in interpreting the contract of insurance. *Liman v. American Steamship Owners Mutual Protection and Indemnity Association, Inc.*, 299 F.Supp. 106, 108 (S.D. N.Y.1969), aff'd 417 F.2d 627 (2d Cir. 1969),

cert. denied, 397 U.S. 936, 90 S.Ct. 946, 25 L.Ed.2d 116 (1970); *Eagle Leasing Corporation v. Hartford Fire Insurance Co.*, 540 F.2d 1257, 1261 (5th Cir. 1976), cert. denied 431 U.S. 967, 97 S.Ct. 2926, 53 L.Ed.2d 1063; *Kalmbach, Inc. v. Insurance Company of the State of Pennsylvania*, 529 F.2d 552, 554–555 (9th Cir. 1976). In addition, the choice of law problem will have to be resolved only if liability is established. Since this trial will be to the court and not to a jury, no harm will result to the parties if resolution of the problem is delayed until trial and presentation of a more complete factual record upon the basis of which the decision can be made.

### ORDER

For the foregoing reasons,

IT IS ORDERED that this action not be dismissed under either of the doctrines of res judicata or collateral estoppel.

IT IS FURTHER ORDERED that resolution of the issue of the admissibility of evidence of the insurance proceeds received by the plaintiff be held in abeyance pending trial of this action.