Larry YOUNG, Plaintiff,

v.

MICHIGAN WISCONSIN PIPE LINE COMPANY and Max Sommerville, Defendants.

Civ. A. No. 83–C–355.

United States District Court, E.D. Wisconsin.

Aug. 25, 1983.

Larry Young, plaintiff pro se.

George D. Cunningham, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

The *pro se* complaint in this case was filed by plaintiff Larry Young on March 3, 1983. Young alleges a cause of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.,* arising out of the defendants' refusal to hire him because of his race. In November, 1981, the plaintiff applied for a job with the Michigan Wisconsin Pipe Line Company. In an interview with a Mr. Max Sommerville, the plaintiff was told by Sommerville that "[Sommerville] would not hire [the plaintiff] and that he would not hire a black man." Complaint, ¶ 2. Young has sued the

Michigan Wisconsin Pipe Line Company and Max Sommerville for $200,000 in damages as a result of this alleged racial discrimination.

Presently before the Court is the defendants' motion to dismiss for failure to state a claim and for lack of subject matter jurisdiction. It appears from a reading of the plaintiff's submission on the briefing of this motion that a charge of racial discrimination in hiring was filed by Mr. Young on August 26, 1981 with the Equal Rights Division of the Wisconsin Department of Industry, Labor, and Human Relations (DILHR). The formal charge of discrimination asserts that the alleged unlawful action occurred on August 25, 1981. The state hearing examiner found no probable cause to believe that the plaintiff was discriminated against on the basis of race in regard to the defendant's refusal to hire him. This finding was affirmed on February 25, 1983 by the Labor and Industry Review Commission.

Mr. Young's charge of discrimination also was referred by the state Equal Rights Division to the Equal Employment Opportunity Commission (EEOC). The EEOC likewise found no probable cause to believe that the allegations of discrimination are well-founded. The plaintiff then was issued a Notice of Right to Sue on April 8, 1983, approximately one month after this federal action was commenced.

It appears that, in addition to seeking federal court relief, the plaintiff filed an action in Outagamie County Court of Wisconsin to review the decision of the state Labor and Industry Review Commission. On July 12, 1983, the court affirmed the commission's decision and dismissed the complaint because Mr. Young failed to present any grounds for reversal of the labor commission. A brief setting forth such grounds for reversal was to be filed with the state court by May 27, 1983.

This case falls squarely within the rule of *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), and must be dismissed thereunder. In *Kremer,* the Supreme Court held that 28

U.S.C. § 1738 applied to state court decisions upholding a state administrative agency's rejection of an employment discrimination claim. Section 1738 of Title 28, U.S.C., requires district courts to afford the same full-faith-and-credit to state court judgments that would apply in the state's own courts.

In Wisconsin, a final judgment on the merits in a prior suit involving the same parties and the same issues bars a second suit on the same cause of action. *Casey v. Palmer Johnson Inc.,* 506 F.Supp. 1361, 1364 (E.D.Wis.1981). The decision of the Outagamie County Court affirming the Labor Commission's rejection of Mr. Young's claim of racial discrimination is a final judgment on the merits that would preclude the claimant from bringing another action in the Wisconsin courts on the same grievance. The state court dismissal was based on Wis.Stat. § 227.20(2), which directs the state court to affirm the agency's decision, presumably on the merits, unless the petitioner demonstrates adequate grounds for doing otherwise. Mr. Young failed to meet his burden, and judgment was rendered in favor of the Labor Commission and the defendant in this case.

Thus, under 28 U.S.C. § 1738 and *Kremer v. Chemical Construction Corp.,* the Outagamie County Court judgment likewise precludes Mr. Young from relitigating his discrimination claim in the federal courts. This Court is bound to give full faith and credit to the state court judgment. That judgment has *res judicata* effect over the claims pending in this action. For these reasons, the instant action is dismissed, and

IT IS ORDERED that the defendants' motion to dismiss is granted.