COURT OF APPEALS
DECISION
DATED AND FILED

October 13, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP54**

STATE OF WISCONSIN

Cir. Ct. No. 2020CV13

IN COURT OF APPEALS
DISTRICT III

TROY LASECKI,

PLAINTIFF-APPELLANT,

V.

BRYAN NOWAK,

DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Shawano County: WILLIAM F. KUSSEL, JR., Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Troy Lasecki appeals an order dismissing his claims against Bryan Nowak arising out of the dissolution of an LLC in which he

and Nowak were the only members. Lasecki argues that the circuit court erred by concluding that his claims were compulsory counterclaims which were required to be pled in a prior case, Outagamie County case No. 2015CV1233, also involving Lasecki and Nowak, and were thus barred by the doctrine of claim preclusion. We conclude the court properly dismissed Lasecki's claims against Nowak as being claim precluded and affirm.

## BACKGROUND

¶2      In 2012, Lasecki and Nowak founded Krakow Development, LLC (hereinafter, "Krakow"), to acquire and improve real estate in and around Krakow, Wisconsin. By agreement of its members, Krakow did in fact acquire a real estate parcel (hereinafter, "the Property"), but the partners disagreed as to how the Property should be utilized and developed.

¶3      In December 2015, Nowak commenced a lawsuit against Lasecki in Outagamie County seeking the dissolution of Krakow, as well as the winding up of its business and a distribution of its assets. In August 2016, the circuit court granted summary judgment on Nowak's request for judicial dissolution. Thereafter, Nowak filed a motion to approve the proposal for dissolution of Krakow.

¶4      Approximately two years after the circuit court ordered judicial dissolution, Lasecki filed an objection to Nowak's motion to approve the sale of the Property. He also filed a motion to compel the release of Krakow's tax information. Lasecki argued that he was not provided an adequate opportunity to participate in the dissolution process and that the dissolution process was to his economic detriment.

2

¶5 Before the circuit court issued a decision on the distribution of Krakow's assets, Lasecki provided multiple documents for the court's consideration. These included correspondence and an affidavit which, in part, detailed Lasecki's alleged contributions and improvements to the Property, including general contracting work and the collection of rents, as well as documentation of itemized expenditures.

¶6 The circuit court then entered its decision on the pending motions and detailed how the proceeds from the sale of the Property were to be distributed. In reaching its conclusion, the court specifically evaluated "Lasecki's Personal Contributions/Improvements to the Property." Lasecki's subsequent motion to reconsider the court's order was denied. Lasecki then appealed, but his appeal was dismissed based on his failure to file a brief in substantial compliance with our appellate rules. The Property was eventually distributed in accordance with the original court order. A check was sent to Lasecki representing his distribution, and it was deposited shortly after being issued.

¶7 Lasecki then commenced the instant case against Nowak in Shawano County seeking compensatory and punitive damages for Nowak's alleged breach of his fiduciary duties owed to Lasecki during the operation of Krakow. Lasecki also sought a distribution under WIS. STAT. § 183.0909(2) (2019-20),[1] for the time and money he had invested in improving the Property, for which he claimed the parties had agreed he would be compensated. Nowak moved to dismiss both of Lasecki's claims, arguing that the claims were barred by the Outagamie County

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

Circuit Court's final judgment pursuant to the doctrine of claim preclusion. Nowak further argued the claims were compulsory counterclaims that should have been asserted in the Outagamie County case. The Shawano County Circuit Court granted Nowak's motion to dismiss Lasecki's claims, and Lasecki now appeals.

## DISCUSSION

¶8 Whether claim preclusion and the common-law compulsory counterclaim rule apply to a given set of facts are questions of law that we review de novo. *Menard, Inc. v. Liteway Lighting Prods.*, 2005 WI 98, ¶23, 282 Wis. 2d 582, 698 N.W.2d 738. The common-law compulsory counterclaim rule creates an exception to the permissive counterclaim statute, and it bars a subsequent action by a party who was a defendant in a previous suit if "a favorable judgment in the second action would nullify the judgment in the original action or impair rights established in the initial action." *A.B.C.G. Enters. v. First Bank Se., N.A.*, 184 Wis. 2d 465, 476-77, 515 N.W.2d 904 (1994).

¶9 In order for the common-law compulsory counterclaim rule to apply, the circuit court first must conclude that all of the elements of claim preclusion were present in the initial action. *See id.* at 480-82. Claim preclusion has three elements: "(1) an identity between the parties or their privies in the prior and present suits; (2) an identity between the causes of action in the two suits; and, (3) a final judgment on the merits in a court of competent jurisdiction." *Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 551, 525 N.W.2d 723 (1995). The court must then find that a verdict favorable to the plaintiff would undermine the judgment in the first suit or impair the legal rights of the plaintiff obtained in the initial action. *A.B.C.G. Enters.*, 184 Wis. 2d at 480-82.

¶10    Lasecki argues that the circuit court erred by concluding that his claims in the present action were compulsory counterclaims in the Outagamie County case. Although Lasecki concedes that the elements of claim preclusion are met here, he argues that this fact alone does not mandate dismissal because a decision in the present case will not impair Nowak's legal rights inthe Outagamie County case.

¶11    In support of his argument, Lasecki cites **Kassien v. Menako**, 270 Wis. 309, 70 N.W.2d 670 (1955). In **Kassien**, our supreme court held that a purchaser's successful action to recover the purchase price from a vendor who repudiated a land contract did not preclude the vendor's subsequent action to recover damages done to the land while in the purchaser's possession. **Id.** at 311. Like **Kassien**, Lasecki contends his breach-of-fiduciary-duty claim takes both the dissolution of Krakow and the distribution of its assets as established facts. Lasecki claims that his breach-of-fiduciary-duty claim did not even exist until Nowak prevailed in the Outagamie County case. He further asserts that his claim is akin to one for malicious abuse of process, which can lie even against a defendant who has prevailed over the plaintiff in a previous lawsuit. *See Maniaci v. Marquette Univ.*, 50 Wis. 2d 287, 299, 184 N.W.2d 168 (1971). Because of these facts, Lasecki claims that the present case could not have been litigated previously and thus could not disrupt the prior decision in the Outagamie County case.

¶12    Lasecki's reliance on **Kassien** is misplaced. Our supreme court's decision in **Menard, Inc.**, is controlling. In that case, the court held that Menard could not bring a subsequent action alleging nonconformity of goods against Liteway Lighting Products, when Liteway had already obtained a judgment for Menard's failure to pay the purchase price. **Menard, Inc.**, 282 Wis. 2d 582, ¶55.

The court concluded that Menard's claims fell under the common-law compulsory counterclaim rule because the present suit "would impair Liteway's rights as determined in the original action and would undermine the validity of the judgment Liteway obtained." *Id.*, ¶56. The court in *Kassien* did allow claims for damage to property to proceed after there was a judgment entered in a previous action on the purchase; however, the court never mentioned whether the damages were discovered before or after the judgment in the first action. Nowak contends, and we agree, that the facts in *Kassien* could be decided differently today under the principles outlined in both *A.B.C.G. Enterprises* and *Menard, Inc.*

¶13 Per the allegations in the complaint, Lasecki's claim for breach of a fiduciary duty arises out of the operation and management of Krakow prior to its dissolution. Lasecki claims that Nowak prevented him from maximizing Krakow's profit and income. These claims, however, existed at the time of judicial dissolution, not after judicial dissolution was accomplished. In fact, Lasecki's requested relief is, in part, to compensate him for what should have been the increased value of his interest in the Property had there been no breach.

¶14 In short, Lasecki seeks to revisit the valuation of Krakow and the Property, including how the proceeds from the sale of the Property should be divided. These matters are precisely what the Outagamie County court resolved. The Outagamie County court addressed and decided its case on the same set of operative facts, arising from the same transaction, as the present case. Further, if Lasecki were permitted to pursue this claim, the result could nullify the judgment in the Outagamie case. If successful, it would provide for a different valuation of Krakow and thus a different distribution value to each Krakow member. Thus, Lasecki's breach-of-fiduciary-duty claim was a compulsory counterclaim in the Outagamie County case, and the circuit court properly dismissed it.

¶15 Lasecki also argues that he should be able to maintain a claim for distribution under WIS. STAT. § 183.0909(2) because it was not a compulsory counterclaim. He specifically contends that he is entitled to compensation for improvements he put into the Property for which he was not compensated.

¶16 Under WIS. STAT. § 183.0909:

> A claim not barred under s. 183.0907 or 183.0908 may be enforced under this section against any of the following:
>
> (1) The dissolved limited liability company, to the extent of its undistributed assets.
>
> (2) If the dissolved limited liability company's assets have been distributed in liquidation, a member of the limited liability company to the extent of the member's proportionate share of the claim or to the extent of the assets of the limited liability company distributed to the member in liquidation, whichever is less, but a member's total liability for all claims under this section may not exceed the total value of assets distributed to the member in liquidation.

Here, the Outagamie County court divided the value of the Property pursuant to the amounts contributed by both Lasecki and Nowak. Lasecki had the opportunity to make the Outagamie County court aware of his contributions to the Property prior to the judgment in the first case, and he did so accordingly. If Lasecki were to be successful in this case by making a claim that his contributions were worth more than he was awarded and that his percentage share was higher than that determined by the Outagamie County court, he would be undoing that court's judgment. Accordingly, Lasecki's success on his dissolution claim in the present case would undermine the Outagamie County court's judgment and impair Nowak's rights to his property.

¶17 Moreover, for all of the reasons explained above, we conclude that the common-law compulsory counterclaim rule applies, such that Lasecki was required to bring his present claims in the prior Outagamie County case. Therefore, the circuit court properly granted Nowak's motion to dismiss Lasecki's claims.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.